**Motion to Dismiss Appeal of January 31, 2019 Order Granted; Supplemental Motion to Dismiss the Orders of April 24, 2019 Granted in Part; Affirmed; Motion to Take Judicial Notice Denied; Motion for Damages Denied; and Opinion filed October 22, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00564-CV

---

### PAUL E NUNU, Appellant

### V.

### NANCY NUNU RISK AND CHARLES L. NUNU, Appellees

---

**On Appeal from the Probate Court No. 2
Harris County, Texas
Trial Court Cause No. 416781**

---

## O P I N I O N

This appeal, which we will refer to as *Nunu VII*, is the latest installment in the continuing probate dispute between vexatious litigant Paul E. Nunu and his siblings

Nancy Nunu Risk and Charles L. Nunu.[1] In this appeal, Paul[2] asks us to reverse our decision in *Nunu IV* affirming the trial court's finding that he is a vexatious litigant and requiring him to obtain leave from the local administrative judge before filing any new pro se litigation. He also asks us to reverse the local administrative judge's order denying him leave to file the pro se appeal *Nunu V*, and to reverse multiple trial-court orders.

On our own motion, we dismiss for want of jurisdiction Paul's attempted appeal of (a) *Nunu IV*; (b) the vexatious-litigant order of January 30, 2018, which was the subject of *Nunu IV*; and (c) the trial court's order supplementing that original vexatious-litigant order. For the same reason, we grant Nancy and Charles's motions to dismiss Paul's attempted appeal of (a) the administrative order of January 31, 2019, denying Paul leave to file the pro se appeal *Nunu V*; and (b) that portion of the trial court's first order of April 24, 2019, sustaining and Nancy and Charles's objection to, and motion to strike, the pro se notice of appeal filed in violation of that administrative order. We deny Nancy and Charles's motion to dismiss Paul's appeal of the trial court's second order of April 24, 2019, releasing to Nancy and Charles a portion of the sum for which Paul, as a vexatious litigant, had been required

---

[1] We identify the cases by the date the proceeding was filed rather than the date the opinion issued. They are as follows: *In re Estate of Nunu*, 542 S.W.3d 67 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("*Nunu I*"); *In re Nunu*, No. 14-17-00106-CV, 2017 WL 1181364 (Tex. App.—Houston [14th Dist.] Mar. 30, 2017, orig. proceeding [mand. denied]) (per curiam) (mem. op.) ("*Nunu II*"); *In re Estate of Nunu*, No. 14-17-00495-CV, 2018 WL 3151231 (Tex. App.—Houston [14th Dist.] June 28, 2018, no pet.) (mem. op.) ("*Nunu III*"); *Nunu v. Risk*, 567 S.W.3d 462 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) ("*Nunu IV*"), *cert. denied*, 140 S. Ct. 1110 (Feb. 24, 2020); *Nunu v. Risk*, No. 14-19-00084-CV, 2019 WL 2536598, at *1 (Tex. App.—Houston [14th Dist.] June 20, 2019, pet. denied) (per curiam) (mem. op.) ("*Nunu V*"); and *In re Estate of Nunu*, No. 19-0534, pet. dism'd w.o.j. (Tex. July 12, 2019) ("*Nunu VI*"), *available at* https://www.txcourts.gov/supreme/, then in the box marked "Appellate Case #," enter the case number 19-0534 and click "Find My Case."

[2] Because there is more than one litigant with the same surname, we will use the parties' given names.

to file a surety bond, but we affirm that ruling on the merits. We also affirm the trial court's order of May 31, 2019, denying Paul's motion and counter-motion to dismiss under the Texas Citizens Participation Act ("the TCPA")[3] and awarding Nancy and Charles attorney's fees. Finally, we deny Paul's motion that we judicially notice the contents of his unsuccessful petition for a writ of certiorari in *Nunu IV*, and we deny Nancy and Charles's motion for damages for a frivolous appeal.

## I. BACKGROUND

Paul, Nancy, and Charles are beneficiaries of the estate of their mother, Rose Farha Nunu. Originally, Nancy was the independent executor of the estate, and she was represented in that capacity by Paul, who is an attorney. The parties' well-worn track through the appellate courts began after Paul accused Nancy of wrongdoing and Nancy replaced Paul with other counsel.

### A. *Nunu I*

In *Nunu I*, Paul alleged that Nancy, in her capacity as independent executrix of their mother's estate, had committed breach of fiduciary duty, negligence per se, gross negligence, gross mismanagement, gross misconduct, and fraud. *Nunu I*, 542 S.W.3d at 72. He asked the trial court to remove Nancy as independent executrix, compel distribution of the estate, award him exemplary damages, declare Nancy's inheritance forfeit, declare Nancy's attorneys' fees forfeit, and enforce an alleged partition agreement. *See id.* at 72–73.

On the third day of the jury trial, Paul nonsuited his claims with prejudice, reserving only his claims to compel distribution of the estate and to contest, and seek forfeiture of, Nancy's attorneys' fees. *Id.* at 72. The trial court failed to find a continued need for an administration and denied Paul's fee-forfeiture request but did

---

[3] TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011.

3

not determine the amount of Nancy's attorneys' fees to be paid from the estate. We affirmed those rulings and remanded the case to the trial court with instructions (1) to determine the amount of Nancy's reasonable and necessary expenses and attorneys' fees incurred in that action to be paid from the estate's assets; (2) to authorize Nancy to pay that amount from the estate's assets and to reimburse the estate if she already had paid a larger amount from the estate's assets; (3) to compel distribution of the estate in accordance with Rose's will; and (4) if necessary, to order partition and distribution, or sale, in the manner provided by statute. *Id.* at 89–90. We further pointed out that the trial court is not required to compel distribution of the estate's assets in accordance with the terms of any partition or settlement agreement that had not been signed by all of the estate's beneficiaries. *See id.* at 87. The Supreme Court of Texas denied Paul's petition for review.

**B.**   *Nunu II*

While *Nunu I* was pending, Nancy applied to the trial court to resign as independent executrix on the condition that she or a qualified third party be appointed as dependent administrator of the estate. Paul urged the trial court to accept Nancy's resignation but objected to the appointment of a dependent administrator. He additionally argued that Nancy was required to file a verified accounting but had failed to do so. The trial court accepted Nancy's conditional resignation and appointed third party Howard M. Reiner as dependent administrator.

Paul then filed a second round of objections, repeating the demand for a verified accounting and adding a request to be appointed as successor independent executor. The trial court overruled Paul's objections and denied his request.

Paul next petitioned this court for a writ of mandamus concerning the overruling of his first round of objections. *See Nunu II*, 2017 WL 1181364, at *1. We denied mandamus relief, as did the Supreme Court of Texas.

4

**C.**   *Nunu III*

While *Nunu I* and *Nunu II* were pending, Paul filed a third round of objections to Reiner's appointment and to Nancy's failure to file a verified accounting that Paul continued to argue was statutorily required. When the trial court overruled Paul's third round of objections, Paul filed *Nunu III*, in which he attempted to appeal the overruling of all three rounds of objections to the trial court's (1) acceptance of Nancy's resignation, (2) appointment of Reiner as dependent administrator, (3) refusal to order a verified accounting, and (4) denial of Paul's request to be appointed successor independent executor.

We dismissed the appeal for want of jurisdiction. *Nunu III*, 2018 WL 3151231, at *1. We explained that Paul's attempt to appeal the overruling of his first round of objections was untimely. *See id.* at *6. We further explained that the rulings on Paul's second and third round of requests and objections were denials of reconsideration as to matters raised in his first round of objections, and that to the extent the second and third round of objections raised new matters, the rulings on them were interlocutory. *See id.* at *7.

**D.**   *Nunu IV*

A week before we issued our opinion in *Nunu I* and a few weeks after Paul filed his reply brief in *Nunu III*, Paul filed his "Application to Enforce Forfeiture Provision of Will, and for Fraud and Breach of Contract Damages" ("the Third Application"). In this pleading, Paul sought to enforce the forfeiture provision of his mother's will against both Nancy and his brother Charles. *Nunu IV*, 567 S.W.3d at 465.

Alleging that Paul was attempting to relitigate matters that had been finally determined and in which he had no reasonable probability of prevailing, Nancy and

5

Charles moved to have Paul declared a vexatious litigant. In their motion, Nancy and Charles asked the trial court to order Paul to (1) post security to maintain the action, and (2) obtain permission from the local administrative judge before filing new pro se litigation. *Id.* On January 30, 2018, the trial court granted the motion, declared Paul a vexatious litigant, and stayed proceedings until Paul posted a $15,000 surety bond. *Id.* After posting the bond, Paul filed *Nunu IV*, appealing the vexatious-litigant order. *Id.*

We explained in *Nunu IV* that an order requiring a vexatious litigant to post security is an interlocutory order that is not immediately appealable, and we dismissed that part of the appeal for want of jurisdiction. *Id.* at 466. In contrast, a person may bring an interlocutory appeal of an order requiring a vexatious litigant to obtain permission from the appropriate local administrative judge to file new pro se litigation. *Id.* at 466–67. We therefore considered that part of the order on the merits, and we affirmed the parts of the trial court's order declaring Paul a vexatious litigant and requiring him to obtain a permissive order from the local administrative judge before filing new pro se litigation. *See id.* at 467–70.

The Supreme Court of Texas denied Paul's petition for review, and the Supreme Court of the United States denied Paul's petition for a writ of certiorari.

E.     *Nunu V*

In *Nunu I,* we remanded the case to the trial court for a determination of the amount of attorney's fees and costs incurred in defending Paul's removal action against Nancy. The trial court rendered the attorney-fee award, which Paul wished to appeal. On January 31, 2019—about two weeks after we issued our opinion in *Nunu IV* affirming those parts of the vexatious-litigant order that we had jurisdiction to consider—the Honorable Jason Cox, Administrative Judge of the Harris County Probate Courts, denied Paul permission to appeal the attorney-fee award.

6

A half-hour later, and in violation of the administrative judge's order, Paul presented a pro se notice of appeal to the court clerk, who mistakenly filed it.

Paul later obtained counsel and filed an amended notice of appeal; however, the time to file an appeal, or request an extension of the time to appeal, had expired. *Nunu V*, 2019 WL 2536598, at *1. We accordingly dismissed the appeal for want of jurisdiction. *Id.* The Supreme Court of Texas denied Paul's petition for review.

**F.    Paul's Attempts to Relitigate in the Trial Court Matters Addressed in Prior Unsuccessful Appeals**

Meanwhile, in the trial court, Paul continued trying to relitigate subjects that we already had disposed of in *Nunu III* or *Nunu IV*, or which were then pending before us in *Nunu V*, while Nancy and Charles attempted to enforce and supplement the vexatious-litigant order.

### *1.    Nancy and Charles's Responses to Paul's Pro Se Notice of Appeal in* **Nunu V**

Nancy and Charles objected to, and moved to strike, Paul's pro se notice of appeal discussed in *Nunu V*. In the same motion, they asked the trial court to supplement the trial court's vexatious-litigant order by requiring Paul (a) to obtain permission from the local administrative judge before filing any new litigation, even if Paul were represented by counsel; and (b) to post a $15,000.00 bond in each new litigation. They also moved for an order requiring the surety to release to them $12,615 for the attorneys' fees and expenses they incurred in the *Nunu IV* appeal.

On April 24, 2019, the trial court granted some of the relief Nancy and Charles requested. In the order we refer to as "the First Order of April 24, 2019," the trial court struck Paul's pro se notice of appeal in *Nunu V* and required Paul, when acting pro se, to post an additional $15,000 bond in each new litigation he filed against Nancy, Charles, or their affiliates. In "the Second Order of April 24, 2019," the trial

court allowed Nancy and Charles to recover, under the surety bond Paul had been ordered to post as a vexatious litigant, $12,615 for the costs and attorney's fees Nancy and Charles had incurred in the *Nunu IV* appeal to this Court. The trial court did not rule upon Paul's motion for new trial as to these orders.

### 2. Paul's Requests for Declaratory Relief Concerning the Subjects of Nunu III

In January 2019, Paul also filed a pro se "Application for Declaratory Relief to Declare Judgment Void and Compel Accounting," in which he attempted to relitigate the matters raised in *Nunu III* that we dismissed as untimely. Nancy and Charles objected to the application on the ground that Paul failed to obtain the local administrative judge's permission to file the instrument.

### 3. Paul's TCPA Motions to Avoid the Effects of the Vexatious-Litigant Order Affirmed in Nunu IV

Through counsel, Paul filed a "Motion to Dismiss All Vexatious Litigant Litigation," in which, pursuant to the TCPA, he asked the trial court "to dismiss all matters pertaining to the vexatious litigant litigation [Charles and Nancy] initiated and filed in these proceedings." He identified these "matters" as

- the January 30, 2018, order (addressed in *Nunu IV*) declaring Paul a vexatious litigant and requiring him to obtain permission from the local administrative judge before filing new pro se litigation;

- the administrative order of January 31, 2019, (discussed in *Nunu V*) denying him leave to appeal;

- Nancy and Charles' January 18, 2019, "Motion for Contempt for Violations of Court Order and Affirming Judgment," in which they alleged that Paul violated the vexatious-litigant order by filing, pro se, and without the local

8

administrative judge's permission, two motions for new trial and the application for declaratory relief mentioned above;

- Nancy and Charles's objection to Paul's application for declaratory relief; and

- Nancy and Charles' motion to supplement the trial court's vexatious-litigant order.

Paul averred that these instruments infringed his "rights to access to the Courts, to free speech and to petition freely." Paul also asserted that the vexatious-litigant statute is unconstitutional on its face due its vagueness and unconstitutional as applied to him. As relief, he sought (a) "dismissal of all claims raised in [Nancy's and Charles's] pleadings"; (b) vacatur of the January 30, 2018, vexatious-litigant order affirmed in *Nunu IV*; (c) vacatur of the administrative order of January 31, 2019, denying him leave appeal, as discussed in *Nunu V*; and (d) attorney's fees, costs, and sanctions.

In response to Nancy and Charles's motion to strike Paul's pro se notice of appeal, Paul's counsel also filed a "Response in Opposition to All Vexatious Litigant Motions as Counter-Motion to Dismiss and for Declaratory Relief to Declare the Vexatious Litigant Statutes Unconstitutional *as applied*."[4] Despite the counter-motion's style, Paul argued in it that the vexatious-litigant statute is unconstitutional both as applied and on its face. In the Paul's counter-motion, he asked for

- a declaration that sections 11.054 and 11.101 of the vexatious-litigant statute[5] are unconstitutional as applied;

---

[4] Emphasis in original.

[5] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§11.001–.104.

- a declaration that the original vexatious-litigant order of January 30, 2018, is void;

- a permanent injunction barring enforcement of the vexatious-litigant statute against him;

- all attorneys' fees "incurred as a result of [Nancy's and Charles's] instruments and acts, and that may be incurred on appeal."

On May 31, 2019, the trial court signed an order denying Paul's TCPA motion and counter-motion, but the trial court failed to find that those filings were frivolous, groundless, brought in bad faith, or brought for the sole purpose of delay. Finally, the trial court awarded Nancy and Charles their attorneys' fees and costs for responding to those motions and conditionally awarded them appellate attorneys' fees.

## G.    *Nunu VI*

On June 12, 2019, Paul's counsel filed a notice of appeal attempting to challenge in the Supreme Court of Texas (1) the administrative order of January 31, 2019, denying him leave to file the *Nunu V* appeal pro se; (2) the trial court's First Order of April 24, 2019, striking the pro se notice of appeal filed in violation of the administrative order and requiring Paul to file a surety bond in any new pro se litigation against Nancy, Charles, or their affiliates; (c) the trial court's Second Order of April 24, 2019, allowing Nancy and Charles to recover against the surety bond already on file in this case; and (d) the trial court's order of May 31, 2019, denying Paul's motions to dismiss under the TCPA and his requests for a declaration that the vexatious-litigant statute is unconstitutional.

When Paul filed this attempted direct appeal (that is, *Nunu VI*), *Nunu IV* was still pending before the Supreme Court of Texas, and Paul moved to consolidate the

two cases on the ground that the two appeals involved "the same parties and same First Amendment claims." Thirty days after *Nunu VI* was filed, the Supreme Court of Texas denied the motion to consolidate, denied the petition for review in *Nunu IV*, and dismissed *Nunu VI* for want of jurisdiction.

## H.    *Nunu VII*

A few days after *Nunu VI* was dismissed, Paul's counsel filed another notice of appeal challenging the same four orders identified in his notice of appeal in *Nunu VI*, but this time, the appeal was directed to the intermediate appellate courts. Because we consider the notice of appeal to the Supreme Court of Texas filed in *Nunu VI* to be "a bona fide attempt to invoke appellate court jurisdiction,"[6] we treat the later notice directed to the intermediate appellate courts as an amended notice of appeal. In addition to the orders identified in that notice of appeal, Paul asks us in his appellate brief to reverse both *Nunu IV* and the original vexatious-litigant order we affirmed in that case.

During the pendency of this appeal, Paul unsuccessfully appealed *Nunu IV* to the Supreme Court of the United States and filed a motion in this Court asking that we take judicial notice of the contents of that petition. We ordered the motion taken with case. We also ordered taken with the case Nancy and Charles's (1) motions to dismiss for want of jurisdiction Paul's challenges to the administrative order of January 31, 2019, and to the trial court's First and Second Orders of April 24, 2019; and (2) motion for damages for a frivolous appeal.

---

[6] *See City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992) (per curiam) (quoting *Grand Prairie Indep. Sch. Dist. v. S. Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991) (per curiam)).

## II. JURISDICTIONAL CHALLENGES

As we stated in *Nunu IV*, "An appellate court must determine de novo whether it has jurisdiction over an appeal, even if it must do so sua sponte." *Nunu IV*, 567 S.W.3d at 465. As a threshold issue, we address Nancy and Charles's jurisdictional challenges, as well the jurisdictional barriers that we address on our own motion, taking the challenged rulings in chronological order.

### A. Attempted Appeal of *Nunu IV* and of the Portions of the Original Vexatious-Litigant Order Affirmed in *Nunu IV*

We rendered judgment in *Nunu IV* affirming the portions of the trial court's vexatious-litigant order that (1) declared Paul a vexatious litigant, and (2) required him to obtain permission from the local administrative judge before filing new pro se litigation. Paul now attempts in this case—*Nunu VII*—to appeal *Nunu IV*. But, absent a timely filed motion for rehearing or en banc reconsideration, or a timely filed motion to extend time to file such a motion, a court of appeals' plenary power over its judgment expires sixty days after judgment. TEX. R. APP. P. 19.1. If such motions are timely filed, the appellate court loses plenary power thirty days after such motions are overruled. *Id.* We overruled Paul's motion for rehearing in *Nunu IV* on February 19, 2019, and we lost plenary power over that case thirty days later, on March 21, 2019. We accordingly dismiss for want of jurisdiction Paul's attempt to appeal the judgment we rendered in *Nunu IV*.

For the same reason, we dismiss Paul's attempt to appeal, again, the same trial-court order he appealed in *Nunu IV*. The trial court's January 30, 2018, order declaring Paul a vexatious litigant and requiring him to obtain permission from the appropriate local administrative judge before filing, pro se, any new litigation, is

12

final. It applies to each court in the state,[7] and neither this court nor any other court has jurisdiction to review, reverse, or otherwise relitigate it.

## B.    The Administrative Order of January 31, 2019

In their motion to dismiss Paul's attempted appeal of the local administrative judge's decision denying Paul leave to file the *Nunu V* appeal pro se, Nancy and Charles correctly pointed out that a local administrative judge's decision denying a vexatious litigant permission to file a litigation "is not grounds for appeal, except that the litigant may apply for a writ of mandamus with the court of appeals not later than the 30th day after the date of the decision." TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(f). Paul responds only that the administrative order is void because the vexatious-litigant statute is unconstitutional.

We do not address the statute's constitutionality, because it has been well-established for generations that unconstitutionality makes a civil judgment voidable—that is, erroneous—but does not make a judgment void. *See, e.g.*, *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (per curiam) (orig. proceeding); *Decourt v. Sproul*, 66 Tex. 368, 371 (1886); *Tadlock v. Eccles*, 20 Tex. 782, 790 (1858); *Glassman v. Goodfriend*, 347 S.W.3d 772, 780 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). By statute, the only way Paul could have obtained reversal of a voidable administrative order denying him leave to appeal would have been by a timely petition for writ of mandamus. Even if we treated his appeal as a petition for a writ of mandamus, it would be untimely because it was filed more than thirty days after the local administrative judge's decision. We therefore grant Nancy and Charles's original motion to dismiss this part of the appeal for want of jurisdiction.

---

[7] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(e).

## C. The First Order of April 24, 2019

The first of the trial court's orders of April 24, 2019, contained two rulings. In their supplemental motion to dismiss, Nancy and Charles challenged Paul's attempted appeal of one of those rulings, and we dismiss the attempted appeal of the additional ruling on our own motion.

### 1. Ruling Striking Paul's Pro Se Notice of Appeal in Nunu V

Nancy and Charles first moved for dismissal of Paul's appeal of that portion of the trial court's April 24, 2019, order striking his pro se notice of appeal in *Nunu V*. Here, too, they correctly point out in their motion to dismiss that, by statute, such an order is not appealable.

Under the vexatious-litigant statute, a court clerk may not file a claim presented pro se by a vexatious litigant unless the litigant has obtained an order from the local administrative judge permitting the filing. TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(a). If the clerk mistakenly files the litigation without such an order, any party may file a notice pointing out that the plaintiff is a vexatious litigant required to obtain an administrative order permitting the pro se filing. *Id.* § 11.1035(a). Not later than the next business day after receiving the notice, the clerk must notify the court that the litigation was mistakenly filed. *Id.* § 11.1035(b). Once the clerk notifies the court of the mistaken filing, the court has a ministerial duty to dismiss the litigation unless the vexatious litigant, within ten days after the other party filed the notice, obtains an administrative order permitting the filing. *Id.* § 11.1035(b), (c). An order dismissing litigation that was mistakenly filed by the clerk in the absence of a permissive administrative order is not appealable. *Id.*

14

Paul never received permission to appeal pro se; to the contrary, the local administrative judge expressly denied Paul such permission.[8] Because Paul's attempted appeal of the trial court's order dismissing his pro se notice of appeal in *Nunu V* is statutorily barred, we grant Nancy and Charles's motion to dismiss this part of the appeal for want of jurisdiction.

## 2.    *Ruling Supplementing the Vexatious-Litigant Order*

In the remainder of the trial court's First Order of April 24, 2019, the trial court ordered Paul to post a $15,000 bond in any new pro se litigation against Nancy and Charles. As we explained in *Nunu IV*, an order requiring a vexatious litigant to post security is a non-appealable interlocutory order. *Nunu IV*, 567 S.W.3d at 466. Thus, on our own motion, we dismiss this part of the appeal for want of jurisdiction. *See id.*

## D.    Second Order of April 24, 2019

In the Second Order of April 24, 2019, the trial court awarded Nancy and Charles $12,610 against the surety bond Paul was required to post under the terms of the vexatious-litigant order. Nancy and Charles argue, and Paul agrees, that the disbursement was made through an interlocutory order for which no statute authorizes an interlocutory appeal. But, in a probate case such as this, there can be more than one final order, and absent an express statute, "a probate court order is final and appealable if it disposes of all parties or issues in a particular phase of the proceedings." *Estate of Savana*, 529 S.W.3d 587, 591 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Brittingham-Sada de Ayala v. Mackie*, 193 S.W.3d 575, 579 (Tex. 2006) (op. on denial of reh'g)). We conclude that, on the singular facts

---

[8] Paul's assertion that he filed his original notice of appeal in *Nunu V* through counsel rather than pro se is contradicted not only by *Nunu V* but by the appellate record in this appeal.

presented here, the order allowing Nancy and Charles to recover against the surety bond is final and appealable.

Nancy and Charles sought to recover the attorney's fees they incurred in the *Nunu IV* appeal to this Court, and the vexatious-litigant statute provides that "[i]f the litigation is dismissed on its merits, the moving defendant has recourse to the security furnished by the plaintiff in an amount determined by the court." TEX. CIV. PRAC. & REM. CODE ANN. § 11.057. Because we affirmed on the merits the trial court's order declaring Paul to be a vexatious litigant, the statute authorized the trial court to allow Nancy and Charles to recover against the bond.

In arriving at this conclusion, we also have taken into account that Nancy and Charles moved to have Paul declared a vexatious litigant because Paul had filed his "Third Application," which was characterized as an attempt to relitigate matters previously decided, and that the trial court rendered judgment against Paul on his Third Application on October 19, 2018. Thus, Nancy and Charles's recovery under the bond appears to have been the only issue from that phase of the litigation remaining to be addressed by the trial court.[9] In the particular circumstances of this probate case, we conclude that the ruling allowing such recovery finally disposed of all parties and issues in that phase of the proceedings.[10]

---

[9] The judgment is a partial summary judgment, which the parties characterize as final, but the motion granted in the order is not in the record. The trial court struck out language in the judgment that would have awarded Nancy and Paul attorney's fees, and Paul asserts that the trial court's failure to award attorney's fees in connection with Paul's unsuccessful prosecution of his Third Application bars Nancy and Charles from recovering under the surety bond the attorney's fees and expenses they incurred in Paul's unsuccessful appeal of the vexatious-litigant order. We do not see the connection, for which Paul offers no explanation or supporting authority, nor does the record reveal the grounds on which Paul's siblings based their earlier request for a much larger fee award.

[10] Our holding is limited to these facts, and we express no opinion on the appealability of an order under Texas Civil Practice and Remedies Code section 11.057 under other circumstances.

We accordingly deny this portion of Nancy and Charles's supplemental motion to dismiss.

### III. MERITS OF PAUL'S CHALLENGE TO THE ORDER ALLOWING RECOVERY AGAINST THE SURETY BOND

Paul argues that for constitutional reasons and for reasons specific to the surety bond filed in this case, the trial court erred in allowing Nancy and Charles to recover the attorney's fees and costs they incurred in Paul's unsuccessful appeal of *Nunu IV* to this Court.

### A. Constitutional Arguments

Paul challenged both of the trial court's April 24, 2019, orders on the ground that sections 11.054 and 11.101–104 of the vexatious-litigant statute violate (1) the United States Constitution's guarantees under the First Amendment of the rights of free speech and the rights to petition and access the courts, as well as the Fourteenth Amendment's guarantees of equal protection and due process of law; and (2) the Texas Constitution's open-courts provision, its due-course-of-law provision, and its guarantee of the right to petition. But, the only provisions of the vexatious-litigant statute he cites as violative of any constitutional rights are sections 11.054, which states the criteria for finding a plaintiff to be a vexatious litigant, and sections 11.101 through 11.104, which address the trial court's authorization to issue a prefiling order and the consequences of such an order. Thus, Paul's constitutional arguments pertain, if at all, only to the parts of the trial court's original order declaring him to be a vexatious litigant and requiring him to obtain permission from the local administrative judge before filing new litigation pro se. We affirmed those parts of the trial court's original order in *Nunu IV*, and we no longer have jurisdiction over that appeal.

17

Paul does not challenge section 11.057, which states, "If the litigation is dismissed on its merits, the moving defendant has recourse to the security furnished by the plaintiff in an amount determined by the court." TEX. CIV. PRAC. & REM. CODE ANN. § 11.057. Paul does not explain how a provision which does not apply until "the litigation is dismissed on its merits" impairs his, or anyone's, right to free speech, right to petition or access the courts, or the guarantees of equal protection, due process, or due course of law. We therefore consider this complaint waived for inadequate briefing. *See* TEX. R. APP. P. 38.1(i).

## B. Arguments Specific to the Surety Bond

Paul next contends that the terms of the surety bond itself preclude recovery. He asserts that

> the express terms of the surety bond provided that it was only liable after entry of a final judgment determining liability, which did not occur in this case. In fact, the opposite occurred. The final 19 October 2018 take nothing judgment expressly rejected the determination of liability and denied Appellees' request for the very same claim of attorney's fees.

These representations are not supported by the record.

First, the bond does apply to the trial court's order authorizing Nancy and Charles to recover against it. The vexatious-litigant order states that Paul "shall furnish security for the benefit of the Movants, by posting a security bond with the court clerk in the amount of $15,000.00 by February 16, 2018, at 5:00 p.m." The order further states, "The security is to assure payment to the Movants for reasonable expenses, including the Movants' court costs and attorney's fees." The surety bond then acknowledges Paul and his personal surety's indebtedness to the judge of the trial court, and to the judge's successors in office, "for the use and benefit of Charles L. Nunu and Nancy Nunu Risk, the sum of Fifteen Thousand Dollars ($15,000.00),

18

*as required by order dated January 30, 2018, and to be further determined by final judgment.*"[11] The bond states that the liability becomes effective upon "Final Judgment in Cause No. 416,781 The Estate of Rose Farha Nunu, in the Probate Court No[.] One of Harris County, Texas *determining liability for damages of Paul E. Nunu as a vexatious litigant*" (emphasis added). Thus, the bond became effective when the trial court signed the Second Order of April 24, 2019, determining liability for Nancy and Charles's attorney's fees and expenses incurred as a result of Paul's appeal of the vexatious-litigant order to this Court.[12]

Paul additionally asserted in his reply brief that "[o]n 2 February 2019 the one-year Surety Bond expired by its own terms." In fact, the bond, which was executed on February 3, 2018, states that it "shall expire at one year after execution, except as to liability for acts or omissions which occur prior to such time" (emphasis in original). Paul's act—the appeal of the vexatious-litigant order to this Court— occurred within that one-year period, and we rendered our decision in *Nunu IV* on January 15, 2019, before the bond's expiration date.

We accordingly affirm the trial court's allowing Nancy and Charles to recover under the surety bond.

## IV. DENIAL OF PAUL'S TCPA MOTIONS AND REQUESTS FOR DECLARATORY RELIEF

We come now to Paul's appeal of the denial of his TCPA motions, in which he sought vacatur of two court orders, dismissal of Nancy and Charles's objection to his pro se application for declaratory relief, dismissal of their motion to

---

[11] Nancy and Charles represent that they will address in the trial court any variances between the surety bond's specific terms and the trial court's order requiring Paul to post security.

[12] Nancy and Charles sought only those attorney's fees and expenses incurred in the appeal of *Nunu IV* to this Court, and did not seek fees of expenses incurred in responding to Paul's efforts to further appeal the case to the Supreme Court of Texas or the Supreme Court of the United States.

supplement the original vexatious-litigant order, dismissal of their motion for contempt, affirmative declarations that the vexatious-litigant statute is unconstitutional both facially and as applied to him, and a permanent injunction barring enforcement of the vexatious-litigant statute against him.

## A.    Governing Law and Standard of Review

The TCPA was enacted "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. The TCPA authorizes a party to file a motion to dismiss a legal action that "is based, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." Citizens Participation Act, 82d Leg., R.S., ch. 341, § 2, sec. 27.003, 2011 TEX. GEN. LAWS 961, 962 (amended 2019). The motion must be filed within sixty days after the legal action was served, though the time may be extended on a showing of good cause. *Id.*

The movant bears the initial burden to demonstrate by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the movant's exercise of the right of free speech, the right to petition, or the right of association. *Id.* at sec. 27.005(b), 2011 TEX. GEN. LAWS at 963. If the movant satisfies this initial burden, then the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of the claim in question. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). To meet this burden, the nonmovant must produce "evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding). If the nonmovant does so, then the burden shifts back to the movant to establish by a preponderance of the evidence each essential element of a valid

20

defense. Act of May 24, 2013, 83d Leg., R.S., ch. 1042, § 2, sec. 27.005(d), 2013 TEX. GEN. LAWS 2499, 2499 (amended 2019). Whether the parties have met these respective burdens is a question of law, which we review de novo. *See Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019). We similarly apply the de novo standard of review to matters of statutory construction. *See Bush v. Lone Oak Club, LLC*, 601 S.W.3d 639, 647 (Tex. 2020).

## B.     Paul's Requests for Relief Unavailable Under the TCPA

The TCPA authorizes a party to file, and a trial court to grant, "a motion to dismiss [a] legal action." Citizens Participation Act, 82d Leg., R.S., ch. 341, § 2, sec. 27.003, 2011 TEX. GEN. LAWS 961, 962 (amended 2019). In the applicable version of the TCPA, "'[l]egal action' means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief." Citizens Participation Act, 82d Leg., R.S., ch. 341, § 2, sec. 27.001(6), 2011 TEX. GEN. LAWS at 962 (amended 2019). We previously have explained that because "the more specific items 'lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim,' are followed by a catch-all 'other,' the doctrine of *ejusdem generis* requires that the latter must be limited to things like the former." *Patel v. Patel*, No. 14-18-00771-CV, 2020 WL 2120313, at *4 (Tex. App.—Houston [14th Dist.] May 5, 2020, no pet.) (mem. op.) (citing *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 504 (Tex. 2015) and *Roach v. Ingram*, 557 S.W.3d 203, 218 (Tex. App.—Houston [14th Dist.] 2018, pet. denied)). We therefore held that the expression "other legal action" refers to "a procedural vehicle for the vindication of substantive causes of action or rights of relief." *Id.* at *6.

The TCPA does not authorize a party to move for, or a trial court to grant, vacatur of court orders, which may grant or deny relief, but are not themselves

21

"requests" for relief. The TCPA also does not authorize a party to seek, or the trial court to render, affirmative declaratory or injunctive relief.

Because Paul failed in his burden to establish that the TCPA applies to these matters, we affirm the trial court's denial of Paul's motion and counter-motion to dismiss to the extent that Paul sought (1) vacatur of any order, including the original vexatious-litigant order of January 30, 2018, and the administrative order of January 31, 2019, denying him leave to file the pro se notice of appeal discussed in *Nunu V*; (2) declaratory relief; and (3) injunctive relief.

## C. Paul's Motion to Dismiss Filings That Are Not "Legal Actions"

The remaining targets of Paul's TCPA motions are Nancy and Charles's (1) motion for contempt alleging that Paul violated the vexatious-litigant order by failing to obtain permission from the local administrative judge before filing certain pro se requests for relief; (2) objection to Paul's pro se application for declaratory relief and for an accounting; (3) objection to, and motion to strike, Paul's pro se notice of appeal, and (4) motion to supplement the trial court's vexatious-litigant order. We conclude that Paul failed to establish that these motions and objections are "legal actions" as that term is defined in the TCPA.

A motion for contempt is not, for contempt is used to coerce a contemnor to obey a preexisting court order (in the case of civil contempt) or to punish the contemnor for disobeying a court order (in the case of criminal contempt). *See In re Reece*, 341 S.W.3d 360, 365 (Tex. 2011) (orig. proceeding). "The essence of contempt is the contemn[o]r's conduct obstructs or tends to obstruct the proper administration of justice." *Id.* at 367 (quoting *Lee v. State*, 799 S.W.2d 750, 752 (Tex. Crim. App. 1990)). A motion for contempt does not vindicate the movant's cause of action, claim, or right of relief; rather, contempt vindicates a court's authority. *See also* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(b) (a person who

22

disobeys a vexatious-litigant order is subject to contempt of court, even in the absence of a motion); *Retzlaff v. Klein*, No. 04-16-00675-CV, 2017 WL 3270368, at *5 (Tex. App.—San Antonio Aug. 2, 2017, pet. denied) (motion for contempt for violation of a vexatious-litigant prefiling order is not subject to the TCPA).

Objections also are not "legal actions" under the TCPA; rather, an objection is merely "an action taken by counsel to call the court's attention to improper evidence or procedure." *Heidelberg v. State*, 36 S.W.3d 668, 672 (Tex. App.— Houston [14th Dist.] 2001, no pet.).

Nor is Nancy and Charles's motion to strike the pro se notice of appeal Paul filed in violation of the local administrative judge's order. Like their motion for contempt, the motion to strike merely called the trial court's attention to Paul's violation of the order without asserting a substantive claim. Further, the motion could not be said to "request legal or equitable relief," for upon notice of the violation, the trial court had a ministerial duty to dismiss the notice of appeal even in the absence of a motion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035(b).

Finally, the motion to supplement the vexatious-litigant order is not a "legal action," because it was not a vehicle to request legal or equitable relief. When Nancy and Charles filed the motion, Paul already had been found to be a vexatious litigant and required to post a $15,000.00 bond; they asked only that the trial court supplement the order to "require Paul to post a $15,000.00 security bond for each and every new litigation he brings." Such security "is an undertaking by the plaintiff to assure payment to the moving defendant of the moving defendant's reasonable expenses in or in connection with a litigation commenced, maintained, or caused to be maintained by the plaintiff, including costs and attorney's fees." *Id.* § 11.055(c). "If the litigation is dismissed on its merits, the moving defendant has recourse to the

23

security furnished by the plaintiff in an amount determined by the court." *Id.* at § 11.057. Merely requiring a vexatious litigant to post security does not, without more, afford the adverse party any relief, because the adverse party has no right to recover against the security, absent a further court order.

Because Paul failed to establish that the TCPA applies to (1) his siblings' motion for contempt; (2) their objection to Paul's pro se application for declaratory relief and for an accounting; (3) their objection to, and motion to strike, Paul's pro se notice of appeal; and (4) their motion to supplement the court's vexatious-litigant order, we affirm the trial court's denial of Paul's motion to dismiss these filings.

## D.    Award of Attorneys' Fees

In the order denying Paul's motion and counter-motion to dismiss under the TCPA, the trial court awarded Nancy and Charles attorneys' fees and conditionally awarded them appellate attorneys' fees. On appeal, Paul challenges this part of the order on the ground that the TCPA authorizes such an award to nonmovants only if the trial court finds that the motion to dismiss was "frivolous or solely intended to delay,"[13] and the trial court made no such finding. We overrule this issue.

As we have stated before, "[a]n appellant must challenge all independent grounds supporting the judgment or legal conclusion under attack." *Akhtar v. Leawood HOA, Inc.*, 525 S.W.3d 814, 818–19 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (quoting *Estate of Purgason v. Good*, No. 14-14-00334-CV, 2016 WL 552149, at *2 (Tex. App.—Houston [14th Dist.] Feb. 11, 2016, pet. denied)) (alteration in original). If the appellant fails to challenge an alternative basis for the order, any error in the challenged basis is harmless. *Id.*

---

[13] Citizens Participation Act, 82d Leg., R.S., ch. 341, § 2, sec. 27.009(b), 2011 TEX. GEN. LAWS 961, 963 (amended 2019).

Here, Nancy and Charles requested an award of attorney's fees (1) under the TCPA, (2) as sanctions pursuant to Rule 13 of the Texas Rules of Civil Procedure, and (3) as sanctions pursuant to Chapter 10 of the Texas Civil Practice and Remedies Code. In addition, Paul requested declaratory relief, and under the Uniform Declaratory Judgments Act ("the UDJA"), the trial court has the discretion to award "costs and reasonable and necessary attorney's fees as are equitable and just"[14] to the prevailing or the non-prevailing party, "regardless of which party sought the declaratory relief." *HMT Tank Serv. LLC v. Am. Tank & Vessel, Inc.*, 565 S.W.3d 799, 813 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *Garden Oaks Maint. Org. v. Chang*, 542 S.W.3d 117, 141 (Tex. App.—Houston [14th Dist.] 2017, no pet.)).

Paul challenges the attorney-fee award only under the TCPA and not as sanctions or as an award under the UDJA. Because Paul failed to challenge every basis on which the trial court may have made the attorney-fee award, we affirm the remaining part of the trial court's order.

## V. DENIAL OF REQUEST FOR JUDICIAL NOTICE

Paul additionally asked that we take judicial notice of the contents of the petition for writ of certiorari Paul filed in his appeal of *Nunu IV* to the Supreme Court of the United States. In the motion, Paul asserted that the instrument "is relevant to this proceeding because if Certiorari is granted, it will directly affect the outcome of this appeal." We need not address that contention, because the Supreme Court denied certiorari. Thus, we deny Paul's motion for judicial notice.

---

[14] TEX. CIV. PRAC. & REM. CODE ANN. § 37.009.

25

## VI. MOTION FOR DAMAGES FOR A FRIVOLOUS APPEAL

The last matter before us is Nancy and Charles's motion for damages for a frivolous appeal. If a court of appeals determines that an appeal is frivolous, it may award the prevailing parties "just damages." TEX. R. APP. P. 45. The decision to award just damages is a discretionary one, and we exercise that discretion with prudence and caution after careful deliberation. *Glassman*, 347 S.W.3d at 782.

Nancy and Charles seek damages in the amount of the attorneys' fees incurred in this appeal. Because the trial court already conditionally awarded them appellate attorneys' fees in the event Paul's appeal was unsuccessful, we decline to award additional damages. We instead deny the motion.

## VII. CONCLUSION

We affirm the trial court's Second Order of April 24, 2019, and the order of May 31, 2019, denying Paul's motion and counter-motion to dismiss under the TCPA and awarding Nancy and Charles attorney's fees. We dismiss the remainder of the appeal for want of jurisdiction, and we deny Paul's motion for judicial notice and Nancy and Charles' motion for damages for a frivolous appeal.

/s/     Tracy Christopher
Justice

Panel consists of Justices Christopher, Jewell, and Zimmerer.