# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00229-CV

**San Angelo Community Medical Center, LLC; Regional Employee Assistance Program, Inc. d/b/a Community Medical Associates; and Michael S. Blanc, M.D., Appellants**

**v.**

**Miltiadis Leon, M.D.; and Cardiology Associates of West Texas, P.A., Appellees**

### FROM THE 51ST DISTRICT COURT OF TOM GREEN COUNTY
### NO. A160176C, THE HONORABLE CHARLES CHAPMAN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

San Angelo Community Medical Center, LLC (SACMC); Regional Employee Assistance Program, Inc. d/b/a Community Medical Associates (CMA); and Michael S. Blanc, M.D. appeal from the trial court's order that partially denied their motion to dismiss under the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code §§ 27.001–.011.[1] For the following reasons, we affirm in part and reverse and remand in part.

### Background

Miltiadis Leon, M.D., practices interventional cardiology, and Cardiology Associates of West Texas, P.A. (CAWT) is Dr. Leon's professional association. Dr. Leon has

---

[1] References to the TCPA in this opinion are to its provisions as they existed prior to the 2019 amendments. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 11, 12, 2019 Tex. Gen. Laws 684, 687 (stating that amendments to TCPA apply "only to action filed on or after" September 1, 2019).

medical staff privileges at SACMC, an acute care hospital. Dr. Blanc is employed by CMA and provides interventional cardiology services at SACMC.

Dr. Leon and CAWT sued appellants in May 2016, asserting causes of action based on theories of restraint of trade, tortious interference with existing contracts, tortious interference with prospective relations, fraud, promissory estoppel, unjust enrichment, and piercing the corporate veil. They sought to recover damages and declaratory judgment based on appellants' "unlawful, tortious, and anticompetitive conduct" which sought "to severely diminish, restrain, or completely eliminate Dr. Leon's independent medical practice from the pool of competing interventional cardiologists in the San Angelo, Tom Green County, Texas market." Dr. Leon's and CAWT's factual allegations concerned cross-coverage practices at SACMC,[2] physicians who were hired by Dr. Leon and assisted covering his patients at SACMC when he was unavailable, and the peer-review process at SACMC and how it had been applied to the physicians whom Dr. Leon had hired.

As to their request for declaratory relief, Dr. Leon and CAWT sought a declaration concerning Section 5(a) of SACMC's rules and regulations that, under that provision, appellants "have a duty to provide coverage to Plaintiffs' practice if other non-CMA physicians associated with Plaintiffs' practice are excluded by [appellants] under the medical peer review or credentialing process." Dr. Leon and CAWT attached to their petition: SACMC medical staff rules and regulations and bylaws, employment agreements between CAWT and physicians, letters, and emails.

---

[2] Dr. Leon's and CAWT's pleadings allege "[c]ross-coverage is the standard practice whereby physicians agree to accept weekend and after-hour patient calls for each other on a rotating basis and to cover each other's patients when on vacation or otherwise unavailable."

Appellants filed an answer in June 2016. Dr. Leon and CAWT filed a first amended petition in February 2017 and a supplemental petition on November 16, 2018. In their first amended petition, Dr. Leon and CAWT alleged the same facts and asserted the same causes of action as in their original petition, but they also alleged additional facts, including specific details about their claims that: (i) appellants had tortiously interfered with contracts between Dr. Leon and the physicians whom Dr. Leon had hired, (ii) appellants had refused to provide Dr. Leon cross-coverage to eliminate or severely restrain his interventional cardiology services, and (iii) appellants had tortiously interfered with prospective relationships "with an associate interventional cardiologist as well as additional patients."[3] For example, as to their tortious-interference claim, Dr. Leon and CAWT alleged that "Dr. Blanc continued to harass and disparage" one of the physicians whom Dr. Leon had hired "until he finally announced his resignation from Dr. Leon's practice." Dr. Leon and CAWT also added specifics about the referral process from the SACMC emergency room and the requirement of "equal distribution of patients from the emergency room" and alleged that appellants' interference of existing and prospective contracts had caused them "actual damages or loss in the form of lost profits (which may include [appellants]' profits resulting from their tortious interference), mental anguish, and/or injury to reputation."

In the supplemental petition, Dr. Leon and CAWT asserted the causes of action of defamation per se and business disparagement and alleged additional facts concerning other claims asserted in the first amended petition, including their tortious-interference claims. They

---

[3] For example, Dr. Leon and CAWT alleged in the first amended petition that appellants "intentionally interfered with Plaintiffs' business relationships with a new associate physician or newly acquired patients by subjecting associate physicians to an onerous and arbitrary peer review process and failing to provide Plaintiffs adequate coverage of their interventional cardiology practice."

3

alleged that appellants' conduct was interfering with past, current, and future patients and that Dr. Blanc published a statement that Dr. Leon "brought in interventional cardiologists [who] were not a competent interventional cardiologist [sic] to treat patients coming to the [SACMC] emergency room" and conducted a "whisper campaign saying [Dr. Leon's] associated physicians should not be allowed to treat interventional cardiology patients at [SACMC]." Dr. Leon and CAWT alleged additional facts of "abuse" concerning the process of referring patients from the SACMC emergency room.

On January 15, 2019, appellants filed their motion to dismiss under the TCPA, seeking dismissal of Dr. Leon's and CAWT's defamation and business-disparagement claims in the supplemental petition and their claims in the first amended petition "that rely upon the new factual allegations" in the supplemental petition. Appellants supported their motion with attachments, including Dr. Blanc's affidavit, copies of the SACMC medical staff bylaws and rules and regulations, and correspondence, including a November 11, 2011, letter from Dr. Blanc informing Dr. Leon that CMA cardiologists would no longer be able to provide coverage for the CAWT practice because of "significant and growing concerns regarding [a CAWT physician]'s practice patterns and professional integrity."[4]

Dr. Leon and CAWT filed a response to the motion to dismiss. They argued that appellants' motion was not filed timely except as to Dr. Leon's and CAWT's defamation and business-disparagement claims. *See* Tex. Civ. Prac. & Rem. Code § 27.003(b) (requiring motion to dismiss to be filed not later than 60th day after date of service of "legal action"). Dr. Leon and CAWT further argued that their other causes of action should not be dismissed because they

---

[4] Appellants submitted to the trial court for in camera review letters and memorandum from the medical peer review committee concerning CAWT physicians. The documents submitted for in camera review are not in the appellate record.

4

were not based on the alleged defamatory statements in the supplemental petition. As to their defamation and business-disparagement claims, they argued that they had set forth a prima facie case and supported their response with attachments, including Dr. Leon's affidavit.

Appellants filed a reply brief in support of their motion to dismiss, arguing that the trial court "should dismiss Plaintiffs' new claims for defamation and business disparagement, and any of Plaintiffs' other claims that rely upon the new factual allegations" in the supplemental petition. As to the timeliness of their motion to dismiss, they argued that the "new factual allegations" in the supplemental petition "substantially reformulate claims asserted earlier in the Amended Petition" and that the "Supplemental Petition reset [appellants]' deadline to move to dismiss any of Plaintiffs' older claims that are based on new factual allegations in the Supplemental Petition."[5]

Following a hearing, the trial court granted appellants' motion to dismiss in part without stating the basis for its ruling. In its order, the trial court dismissed Dr. Leon's and CAWT's claims for defamation per se, fraud, and piercing the corporate veil; ordered that appellants were entitled to recover attorney's fees; and imposed a sanction of $1,000. *See* Tex. Civ. Prac. & Rem. Code § 27.009 (requiring award of attorney's fees and sanctions). This interlocutory appeal followed. *See id.* §§ 27.008, 51.014(a)(12).

**Analysis**

In their sole issue, appellants contend that the trial court erred when it did not dismiss all of Dr. Leon's and CAWT's claims under the TCPA. Appellants argue that Dr.

---

[5] Appellants filed objections to the evidence that Dr. Leon and CAWT submitted in response to the motion to dismiss. In a separate order, the trial court granted appellants' objections in part, striking portions of Dr. Leon's affidavit and attachments to his affidavit and the response. We do not consider the struck evidence in our analysis.

5

Leon's and CAWT's claims are subject to the TCPA, that Dr. Leon and CAWT "did not carry their burden to establish a prima facie case for each essential element of each claim by clear and specific evidence," and that appellants "conclusively established affirmative defenses to those claims."

**Standard of Review and Applicable Law**

Relevant to this appeal, the TCPA authorizes a party to file a motion to dismiss a "legal action" that "is based on, relates to, or is in response to a party's exercise of the right of free speech." *See* Tex. Civ. Prac. & Rem. Code § 27.003(a). "'Exercise of the right of free speech' means a communication made in connection with a matter of public concern," and a "matter of public concern" includes "an issue related to . . . health or safety." *Id.* § 27.001(3), (7)(A). "'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). The term "legal action" under the TCPA includes a "cause of action" or "any other judicial pleading or filing that requests legal or equitable relief." *Id.* § 27.001(6).

A motion to dismiss brought under the TCPA "must be filed not later than the 60th day after the date of service of the legal action" unless the trial court extends the time to file the motion "on a showing of good cause." *Id.* § 27.003(b). A trial court does not err when it denies an untimely motion to dismiss. *Paulsen v. Yarrell*, 455 S.W.3d 192, 198 (Tex. App.—Houston [1st Dist.] 2014, no pet.), *superseded by statute on other grounds as stated in Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 887–88 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *see Mancilla v. TaxFree Shopping, Ltd.*, No. 05-18-00136-CV, 2018 Tex. App. LEXIS 9371, at *5 (Tex. App.—Dallas Nov. 16, 2018, no pet.) (mem. op.) ("If the motion is not

6

filed within the statutory deadline, the movant forfeits the early-dismissal protections of the [TCPA].”); *Hayes v. Cavin*, No. 03-17-00501-CV, 2018 Tex. App. LEXIS 8343, at \*9 (Tex. App.—Austin Oct. 12, 2018, pet. denied) (mem. op.) (affirming order denying TCPA motion to dismiss because trial court “could have reasonably concluded that Hayes’s motion was untimely”).

In addition to the requirement that the movant file the motion to dismiss within the statutory deadline, the movant bears the initial burden to show by a preponderance of the evidence that the “legal action” is subject to the TCPA—relevant here, that it “is based on, relates to, or is in response to a party’s exercise of the right of free speech.” *See* Tex. Civ. Prac. & Rem. Code § 27.005(b); *see Hersh v. Tatum*, 526 S.W.3d 462, 466–68 (Tex. 2017) (describing and applying statutory procedure under TCPA); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898–99 (Tex. 2017) (same). Courts generally determine the applicability of the TCPA “based on a holistic review of the pleadings.” *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 897 (Tex. 2018). “When it is clear from the plaintiff’s pleadings that the action is covered by the [TCPA], the defendant need show no more.” *Hersh*, 526 S.W.3d at 467.

If a movant meets the initial burden to show that the TCPA applies, the burden shifts to the nonmovant to establish “by clear and specific evidence a prima facie case for each essential element of the claim in question.” Tex. Civ. Prac. & Rem. Code § 27.005(c). A prima facie case “refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted.” *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding). “It is the ‘minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.’” *Id.* (quoting *In re E.I. Dupont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding)). A court may not dismiss a legal action if the nonmovant

7

establishes "a prima facie case for each essential element of the claim in question" unless the movant establishes "by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." Tex. Civ. Prac. & Rem. Code § 27.005(c), (d).

In determining whether the nonmovant has met its burden to establish a prima facie case, the court views the evidence in the light most favorable to the nonmovant. *Warner Bros. Entm't, Inc. v. Jones*, 538 S.W.3d 781, 801 (Tex. App.—Austin 2017), *aff'd*, 611 S.W.3d 1 (Tex. 2020). The evidence that courts consider are "the pleadings and supporting or opposing affidavits stating the facts on which the liability or defense is based." *See* Tex. Civ. Prac. & Rem. Code § 27.006(a). Further, because the TCPA does not define "clear and specific evidence," we apply the ordinary meanings of "clear" and "specific." *See In re Lipsky*, 460 S.W.3d at 590 (observing that TCPA does not define "clear and specific evidence" and applying ordinary meanings of words "clear" and "specific").

We review a trial court's ruling on a TCPA motion to dismiss de novo. *See Adams*, 547 S.W.3d at 897 (deciding whether TCPA applied under de novo standard of review); *Neurodiagnostic Consultants, LLC v. Nallia*, No. 03-18-00609-CV, 2019 Tex. App. LEXIS 8156, at *7 (Tex. App.—Austin Sept. 6, 2019, no pet.) (mem. op.) (stating that standard of review is de novo in appeal from trial court ruling on TCPA motion to dismiss); *Long Canyon Phase II & III Homeowners Ass'n v. Cashion*, 517 S.W.3d 212, 217 (Tex. App.—Austin 2017, no pet.) ("We review de novo whether each party carried its assigned burden [under the TCPA].").

With these principles in mind, we turn to our analysis of appellants' issue, beginning with the timeliness of their motion to dismiss.

**Timeliness of Appellants' Motion to Dismiss**

Dr. Leon and CAWT filed their original petition in May 2016, their first amended petition in February 2017, and their supplemental petition November 16, 2018. Appellants' TCPA motion to dismiss was filed January 15, 2019. Because the motion to dismiss was filed within 60 days of the supplemental petition, it was timely as to Dr. Leon's and CAWT's business-disparagement claim that was asserted for the first time in the supplemental petition.[6] *See* Tex. Civ. Prac. & Rem. Code §§ 27.001(6) (defining "legal action" to include "cause of action"), .003(b).

In their response to the motion to dismiss, Dr. Leon and CAWT did not challenge the timeliness of appellants' motion as to their business-disparagement claim but argued that the motion was untimely as to their causes of action in their first amended petition. Faced with this argument, appellants did not seek leave from the trial court to extend the time to file a motion to dismiss. *See id.* § 27.003(b) (authorizing trial court to extend time to file motion to dismiss "on a showing of good cause"). Appellants' position was that their motion to dismiss was timely as to Dr. Leon's and CAWT's previous claims "to the extent" that they were "based on the Supplemental Petition's new factual allegations."

An "amended pleading that does not add new parties or claims does not restart the deadline for filing [a] motion to dismiss under the TCPA." *Paulsen*, 455 S.W.3d at 197 (citing *In re Estate of Check*, 438 S.W.3d 829, 837 (Tex. App.—San Antonio 2014, no pet.)). Further, "the filing of an amended pleading that does not alter the essential nature of an action does not

---

[6] Appellants' motion to dismiss also was timely as to Dr. Leon and CAWT's claim asserting defamation per se. That claim, however, is not at issue in this interlocutory appeal because the trial court granted appellants' motion as to that claim. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(12) (authorizing interlocutory appeal from order denying motion to dismiss brought under TCPA).

restart the deadline." *Mancilla*, 2018 Tex. App. LEXIS 9371, at *6; *see id.* at *9 (holding that "the crux" of claim asserted in original petition was improper acquisition and disclosure of proprietary information and that additional allegations in amended petition did not "alter the essential nature of this action"); *see also In re Lipsky*, 460 S.W.3d at 590–91 (comparing TCPA evidentiary requirements with general pleading requirements and noting that pleadings need only provide "fair notice" of claim and relief sought); *Paulsen*, 455 S.W.3d at 197 (explaining that resetting 60-day deadline for filing TCPA motion to dismiss every time party files amended petition, "regardless of whether new claims or parties have been introduced, would frustrate the expressed legislative purpose of the TCPA, 'which is to allow a defendant *early in the lawsuit* to dismiss claims that seek to inhibit a defendant's constitutional rights to petition, speak freely, associate freely, and participate in government as permitted by law'" (quoting *In re Estate of Check*, 438 S.W.3d at 837)).

A supplemental petition that asserts new factual allegations, however, may reset the 60-day deadline for filing a TCPA motion to dismiss "as to the newly added substance." *Jordan v. Hall*, 510 S.W.3d 194, 198 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *James v. Calkins*, 446 S.W.3d 135, 146 (Tex. App.—Houston [1st Dist.] 2014, pet. denied)). In determining whether the deadline has been reset, we consider whether the supplemental petition altered "the essential nature" of a claim or made "substantive alterations that reformulated" it. *See Mancilla*, 2018 Tex. App. LEXIS 9371, at *7–9; *see also Maldonado v. Franklin*, No. 04-18-00819-CV, 2019 Tex. App. LEXIS 8747, at *12–18 (Tex. App.—San Antonio Sept. 30, 2019, no pet.) (mem. op.) (determining whether TCPA motion to dismiss was timely as to each claim asserted in amended petition and concluding that motion to dismiss was timely "only as to [plaintiff's] claims for slander and libel" and that deadline did not reset for other

10

claims because "same essential factual allegations" for those claims were present in earlier petition); *Campone v. Kline*, No. 03-16-00854-CV, 2018 Tex. App. LEXIS 6032, at *16–17 (Tex. App.—Austin Aug. 2, 2018, no pet.) (mem. op.) (concluding that TCPA motion was timely as to new claim of defamation in amended petition that "alleged new and distinct injuries" and added defendant but not timely as to amended allegation that "merely clarified" original claim of defamation).

On appeal, appellants argue that the deadline for filing their TCPA motion to dismiss was "reset" "because the supplemental petition substantially altered the factual bases" of Dr. Leon's and CAWT's claims and, therefore, that their motion was timely as to all claims. In their motion to dismiss, however, appellants did not substantively address all of Dr. Leon's and CAWT's claims. In addition to the business-disparagement claim, appellants substantively addressed the tortious-interference and antitrust claims that Dr. Leon and CAWT asserted in the first amended petition. For example, appellants specifically argued that the supplemental petition substantially reformulated Dr. Leon's and CAWT's tortious-interference claims because of the new allegations in the supplemental petition that appellants "allegedly interfered with 'the doctor patient relationship' by referring an unidentified patient to Dr. Blanc even though the patient notified the emergency room that he was Dr. Leon's patient and requested Dr. Leon when he went to the emergency room." In the supplemental petition, Dr. Leon and CAWT alleged that Dr. Blanc treated one of Dr. Leon's patients and scheduled a follow-up appointment which interfered with Dr. Leon's relationship with this patient. Appellants argued that this new factual allegation concerned Dr. Leon's existing contract with a patient and that the allegations in the first amended petition concerned CAWT's employment agreements with physicians.

11

In the first amended petition, however, the factual assertions included that appellants were "illegally and improperly diverting Dr. Leon's practice to Dr. Blanc and CMA." The allegation about a particular patient in the supplemental petition provided specifics as to the diversion of patients from Dr. Leon's practice and, thus, did not alter the essential nature of Dr. Leon's and CAWT's claims to reset the deadline under the TCPA for filing a motion to dismiss. *See Mancilla*, 2018 Tex. App. LEXIS 9371, at \*8 (affirming trial court's order denying appellants' motion to dismiss and concluding that plaintiff's new allegations in amended petition "simply refined its earlier, broad allegations" and "[did] nothing more than provide specificity of [plaintiff]'s claim of which appellants had notice in the original petition"); *Hayes*, 2018 Tex. App. LEXIS 8343, at \*8–9 (concluding in context of TCPA motion to dismiss that trial court could have determined that second amended petition that "asserted specifics about who and when [defamation] allegations were made" "did not allege new and distinct injuries and instead clarified their claim of how [defendant] defamed them to other people"); *Hicks v. Group & Pension Adm'rs, Inc.*, 473 S.W.3d 518, 527 (Tex. App.—Corpus Christi-Edinburg 2015, no pet.) (concluding that TCPA motion to dismiss was not timely as to claims asserted in earlier petition and observing that appellant was on notice of those claims for more than one year before filed motion); *Paulsen*, 455 S.W.3d at 198 (holding that trial court properly denied TCPA motion to dismiss because original petition was filed in October 2013 and motion to dismiss was not filed until March 2014 and explaining that third amended petition, that included "additional details," did not reset deadline because "amended petition relied on the same essential factual allegations as the claim stated in [nonmovant's] original petition"); *see also Maldonado*, 2019 Tex. App. LEXIS 8747, at \*17–18 (concluding that TCPA motion to dismiss was timely as to libel claim asserted in amended petition "because it was a new and different cause of action

12

based on substantively different factual allegations" but not as to trespass claim even though new factual allegation were added as to that claim).

In their motion to dismiss, appellants also argued that the supplemental petition substantially reformulated Dr. Leon's and CAWT's tortious-interference and antitrust claims because of new allegations in the supplemental petition that appellants tortiously interfered "with Dr. Leon's prospective patients by publishing defamatory statements about Dr. Leon or his assistant physicians" and that appellants' conduct was interfering with Dr. Leon's "longstanding and continuous relationship with patients and referring physicians from the emergency room/department."[7]   We similarly conclude that the trial court would not have erred in concluding that these factual allegations about defamatory statements and relationship interference in the supplemental petition did not alter the essential nature of or reformulate Dr. Leon's and CAWT's tortious-interference and antitrust claims. *See Mancilla*, 2018 Tex. App. LEXIS 9371, at *8; *see also Maldonado*, 2019 Tex. App. LEXIS 8747, at *17–18.   As alleged in their May 2016 original petition and repeated in their February 2017 first amended petition, the crux of Dr. Leon's and CAWT's claims against appellants was that appellants had

---

[7] This paragraph from the supplemental petition that appellants quoted states in full:

The actions of the Defendants are tortiously interfering with past/current/future patient choice and care and the staff rules/regulations and bylaws and the contract for obtaining privileges by proctoring.  The actions are being taken by the Defendants to keep the Plaintiff from having a successful cardiology practice and limit competition.  Defendants' actions are such that they know that their interference will cause the Plaintiff damage in excess of the minimum judicial limits of the Court.

Defendants intentionally interfered with [Dr. Leon]'s longstanding and continuous relationships with patients and referring physicians from the emergency room/department in a concerted effort to restrain competition and monopolize the practice of cardiology and the treatment of follow-up care for heart disease in the relevant market described in the amended petition and supplement.

13

engaged in "unlawful, tortious, and anticompetitive conduct" "to severely diminish, restrain, or completely eliminate Dr. Leon's independent medical practice from the pool of competing interventional cardiologists in the San Angelo, Tom Green County, Texas market."[8] The additional factual allegations in the supplemental petition provided specifics about appellants' alleged conduct that was directed toward eliminating Dr. Leon's practice. Thus, the trial court could have concluded that these additional factual allegations did not reset the deadline for filing the motion to dismiss as to Dr. Leon's and CAWT's tortious-interference and antitrust claims and denying the motion as to those claims on that basis. *See Paulsen*, 455 S.W.3d at 198 (stating that trial court does not err in denying motion to dismiss on ground that it was not timely); *Hayes*, 2018 Tex. App. LEXIS 8343, at *8–9.

As to Dr. Leon's and CAWT's claims of promissory estoppel, unjust enrichment, and declaratory judgment asserted in the first amended petition, they did not specifically address those claims in the supplemental petition, and appellants in their TCPA motion to dismiss sought dismissal only "[t]o the extent that any of these claims are based on the Supplemental Petition's new factual allegations." The trial court reasonably could have concluded that the motion to dismiss was not directed to these claims or, that even if it were, it was not timely because the factual allegations in the supplemental petition did not alter the essential nature of those claims— claims that Dr. Leon and CAWT had alleged for almost three years. *See Paulsen*, 455 S.W.3d at 197–98 (focusing on TCPA's expressed legislative purpose to allow defendant early dismissal and concluding that amended petition that does not include new claims or parties does not reset

---

[8] In the first amended petition, Dr. Leon and CAWT also specifically alleged as to one of the physicians whom Dr. Leon hired: "Even after the peer review process largely vindicated [the physician], Dr. Blanc continued to harass and disparage [the physician] until be finally announced his resignation from Dr. Leon's practice."

14

60-day deadline); *see Mancilla*, 2018 Tex. App. LEXIS 9371, at *5–6; *Campone*, 2018 Tex. App. LEXIS 6032, at *16–17.

Appellants also argue that Dr. Leon and CAWT "have abandoned their argument regarding the timeliness" of appellants' motion to dismiss and their claims for promissory estoppel, unjust enrichment, and declaratory judgment because Dr. Leon and CAWT did not address the timeliness of the motion to dismiss or these claims in their appellate brief. As support for this position, appellants cite *Whataburger Restaurant, LLC v. Cardwell*, 545 S.W.3d 73, 79 (Tex. App.—El Paso 2017, no pet.). We find that case procedurally distinguishable. Following a remand from the Texas Supreme Court, our sister court considered arguments that it had not addressed in its original opinion but concluded that Cardwell had waived arguments contesting certain claims by not raising them to our sister court or the Texas Supreme Court. *Id.* In contrast with this case, Caldwell was the appellant to the Texas Supreme Court, and she did not urge the arguments contesting certain claims in her appeal to the Texas Supreme Court from our sister court's original opinion. *Id.* at 76.

Based on our review of Dr. Leon's and CAWT's appellate brief, we decline to conclude that they have abandoned the argument that appellants' TCPA motion to dismiss was untimely as to some of their claims or that they have abandoned their claims of promissory estoppel, unjust enrichment, and declaratory judgment. *See, e.g.*, *Wojcik v. Wesolick*, 97 S.W.3d 335, 336–37 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (concluding that appellee had abandoned ground asserted to trial court by affirmatively "stating in its brief that it 'does not contend at this time [ground asserted to trial court]'"); *Hall v. Tomball Nursing Ctr., Inc.*, 926 S.W.2d 617, 619 (Tex. App.—Houston [14th Dist.] 1996, no writ) (concluding that appellate court did not need to address ground where counsel affirmatively "conceded" during

15

oral argument that "judgment could not stand if it were based on this ground"); *cf.* Tex. R. App. P. 38.1(g) (stating that appellate courts may "accept as true the facts stated [in appellant's brief] unless another party contradicts them" and if "supported by record references"); *Fields v. City of Texas City*, 864 S.W.2d 66, 67 n.1 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (explaining that *appellants* abandoned arguments on appeal when they did not raise them in their brief (emphasis added)); *see also Lesher v. Doescher*, No. 02-12-00360-CV, 2013 Tex. App. LEXIS 12655, at *8–9 (Tex. App.—Fort Worth Oct. 10, 2013, pet. denied) (mem. op.) (explaining that "[i]t is not the proper role of this court to create or develop arguments for an appellant" and affirming trial court's judgment on ground raised by appellees in trial court that appellants failed to adequately challenge on appeal).

The trial court did not specify its reasons for partially denying appellants' motion to dismiss. In this context, we conclude that the trial court would not have erred in partially denying appellants' motion on the ground that it was not timely as to the challenged claims except as to the business-disparagement claim and, therefore, we limit our remaining TCPA analysis to that claim. *See, e.g.*, *Galan Fam. Tr. v. State*, No. 03-15-00816-CV, 2017 Tex. App. LEXIS 1574, at *3 (Tex. App.—Austin Feb. 24, 2017, pet. denied) (mem. op.) (explaining that appellate court may affirm trial court's "decision on any underlying, meritorious ground asserted in [plea to jurisdiction and Rule 91a motion]" when trial court's order "does not specify on what basis or under which motion the court dismissed the [appellant]'s claims"); *In re Estate of Savana*, 529 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (requiring appellant to show that each independent ground alleged in Rule 91a motion was insufficient to support trial court's order when trial court did not specify basis on which trial court granted motion).

16

**Business Disparagement**

As the movants, it was appellants' burden to show by a preponderance of the evidence that Dr. Leon's and CAWT's business-disparagement claim was subject to the TCPA. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b). We conclude that they satisfied this burden to invoke the TCPA based on Dr. Leon's and CAWT's allegations in their pleadings. *See Adams*, 547 S.W.3d at 897 (explaining that applicability of TCPA is determined "based on a holistic review of the pleadings"); *Hersh*, 526 S.W.3d at 467 (explaining that defendant has met its burden under TCPA "[w]hen it is clear from the plaintiff's pleadings that the action is covered by the [TCPA]"). In their supplemental petition, Dr. Leon and CAWT asserted that appellants "published disparaging comments and allegations about [Dr. Leon] and his practice and his associated cardiologists," "took the action(s) to harm the Plaintiffs' business interests," and "knew the disparagement was false and the actions were done with malice."

Dr. Leon's and CAWT's allegations of "published disparaging comments" concerning their medical practice falls within the definition of "a communication made in connection with a matter of public concern." *See* Tex. Civ. Prac. & Rem. Code § 27.001(1) (defining "communication"), (3) (defining "exercise of the right of free speech"), (7)(A) (defining "matter of public concern" to include issue related to health or safety); *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 510 (Tex. 2015) (concluding in TCPA context that communications relating to medical services to patients were made in connection with matter of public concern); *Batra v. Covenant Health Sys.*, 562 S.W.3d 696, 709 (Tex. App.—Amarillo 2018, pet. denied) (observing that communications relating to physician's medical competence and disciplinary action "have consistently been found to be matters of public concern" under TCPA); *Memorial Hermann Health Sys. v. Khalil*, No. 01-16-00512-CV, 2017 Tex. App. LEXIS

17

7474, at *15–16 (Tex. App.—Houston [1st Dist.] Aug. 8, 2017, pet. denied) (mem. op.) (holding that defendants met initial burden of invoking TCPA as to physician's claim for defamation based on communications regarding physician's competence as healthcare professional).

Because appellants satisfied their burden to invoke the TCPA, the burden shifted to Dr. Leon and CAWT to establish "by clear and specific evidence a prima facie case for each essential element." *See* Tex. Civ. Prac. & Rem. Code § 27.005(c); *Khalil*, 2017 Tex. App. LEXIS 7474, at *16. "To prevail on a business disparagement claim, a plaintiff must establish that (1) the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff." *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003); *see In re Lipsky*, 460 S.W.3d at 592 (stating elements of business-disparagement claim); *Hurlbut v. Gulf Atlantic Life Ins.*, 749 S.W.2d 762, 766 (Tex. 1987) (comparing defamation and business-disparagement claims and explaining that business-disparagement defendant may be held liable "only if he knew of the falsity or acted with reckless disregard concerning it, or if he acted with ill will or intended to interfere in the economic interest of the plaintiff in an unprivileged fashion").

In their TCPA motion to dismiss, appellants contended that there was no "clear and specific evidence" that appellants published any false or disparaging statements to third parties about Dr. Leon or CAWT or that appellants acted with malice or without privilege. In the section of their supplemental petition asserting their business-disparagement claim, Dr. Leon and CAWT re-alleged the facts and allegations set forth earlier in the supplemental petition and the first amended petition. Those allegations included that appellants had published false statements "on numerous occasions through a campaign or conduct" that suggested that "[Dr. Leon] and his associated cardiologists are/were not competent interventional cardiologists and should not be

18

referred patients" and that they conducted a "whisper campaign saying [Dr. Leon's] associated physicians should not be allowed to treat interventional cardiology patients at [SACMC]." They made the following allegations: (i) "In this case it is … to malign and smear a highly qualified cardiologist and his associated cardiologist in the practice at the same hospital," and (ii) "Physicians brought into [Dr. Leon's] practice were brought up on charges of incompetent patient care . . .[,] all allegations were proven false/fraudulent/incorrect by the committee process of the hospital," and appellants' "actions also were to hurt the reputation of [Dr. Leon] and the cardiologist physicians he has brought or tried to bring into his practice."

Viewing their pleadings in the light most favorable to Dr. Leon and CAWT, we cannot conclude that their factual allegations provided enough detail to establish a prima facie case for the elements of a business-disparagement claim. *See* Tex. Civ. Prac. & Rem. Code §§ 27.005(c), .006(a); *In re Lipsky*, 460 S.W.3d at 590 (noting that plaintiff who is facing TCPA motion to dismiss must present more than "mere notice pleadings" and explaining that "general allegations that merely recite the elements of a cause of action" are not sufficient to establish prima facie case under TCPA and that "plaintiff must provide enough detail to show the factual basis for its claim"); *Forbes*, 124 S.W.3d at 170 (stating elements of business-disparagement claim). Dr. Leon's and CAWT's allegations—that (i) appellants published false statements and conducted a "whisper campaign"; (ii) "to harm the Plaintiffs' business interests"; (iii) with knowledge that the "disparagement was false"; and (iv) "with malice"—are conclusory statements and do not provide a sufficient factual basis to establish a prima facie case. *See Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 355 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("Conclusory statements are not probative and accordingly will not suffice to establish a prima facie case.").

19

Similarly, we cannot conclude that Dr. Leon's and CAWT's evidence provided sufficient details of the factual underpinnings of their business-disparagement claim to establish a prima facie case. *See In re Lipsky*, 460 S.W.3d at 590, 592–93 (explaining that "[b]are, baseless opinions do not create fact questions, and neither are they a sufficient substitute for the clear and specific evidence required to establish a prima facie case under the TCPA"); *see also Montoya v. San Angelo Cmty. Med. Ctr.*, No. 03-16-00510-CV, 2018 Tex. App. LEXIS 3868, at *13–14 (Tex. App.—Austin May 31, 2018, pet. denied) (mem. op.) (concluding that Montoya failed to allege supporting factual details that underpinned general allegation of "whisper campaign" and that trial court did not err in dismissing claim under Rule 91a); *Hicks*, 473 S.W.3d at 534–35 (concluding that evidence did not establish prima facie case of essential element of business disparagement by clear and specific evidence). In his affidavit, Dr. Leon did not provide the factual underpinnings of the alleged "whisper campaign" or "published statement" that would show malice and no privilege. *See In re Lipsky*, 460 S.W.3d at 590–91 (explaining that "general allegations that merely recite the elements of a cause of action . . . will not suffice" and that "a plaintiff must provide enough detail to show the factual basis for its claim"); *Forbes*, 124 S.W.3d at 170 (including "with malice" and "without privilege" as elements of business-disparagement claim).

Viewing the pleadings and evidence in the light most favorable to Dr. Leon and CAWT, we cannot conclude that they established a prima facie case of the elements of their business-disparagement claim. *See In re Lipsky*, 460 S.W.3d at 590; *Hicks*, 473 S.W.3d at 534–35. Thus, we conclude that the trial court erred when it did not dismiss this claim. On this basis, we sustain appellants' issue in part.

20

## Conclusion

For these reasons, we reverse the portion of the trial court's order denying appellants' TCPA motion to dismiss as to Dr. Leon's and CAWT's business-disparagement claim and remand the issue of attorney's fees, costs, and sanctions as to that claim. *See* Tex. Civ. Prac. & Rem. Code § 27.009. We affirm the trial court's order in all other respects.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed in Part; Reversed and Remanded in Part

Filed: April 29, 2021