In the ESTATE OF Robert James
SAVANA, Deceased

NO. 14-16-00439-CV

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed August 22, 2017

Michael M. Phillips, Angleton, TX, for Appellant.

Eric T. Furey, Angleton, TX, Barbara Porter Fratila, Lake Jackson, TX, for Appellee.

Panel consists of Justices Christopher, Busby, and Jewell.

## OPINION

J. Brett Busby, Justice

This case concerns the scope of a trial court's power to dismiss causes of action under Texas Rule of Civil Procedure 91a. Appellant Dorothy Savana filed a plea in intervention and third-party petition in the independent administration of the estate of her late husband, Robert James Savana ("the deceased"), asserting causes of action relating to the ownership of a house within the deceased's estate. Those causes of action included a request for partition and claims of adverse possession and fraud.

Appellee Mary Elizabeth Marshall, independent executor of the deceased's estate, filed a Rule 91a motion to dismiss on grounds that (1) no section of the Texas Estates Code authorized Dorothy's causes of action to be brought as part of the independent administration proceedings of an estate, and (2) Dorothy's claim of adverse possession was baseless because the statute requires that a person bring suit not later than 10 years after the cause of action accrues, and a co-tenant cannot adversely possess against another co-tenant unless he clearly repudiates the title of his co-tenant.

At the hearing on the motion, the trial court explained that Dorothy's counsel did not follow instructions to file the causes of action in an ancillary proceeding with a separate docket number. Therefore, the trial court granted the Rule 91a motion and awarded attorney's fees to Marshall as the prevailing party. Dorothy appealed.

We hold that Rule 91a is not a docket management tool, nor can it be used to punish parties who incorrectly docket their claims by requiring them to pay attorney's fees. In addition, we conclude that (1) the trial court was authorized to hear Dorothy's causes of action because they related to the probate proceeding, and (2) the cause of action for adverse possession was not baseless on the grounds asserted in Marshall's motion. Therefore, we reverse the trial court's order granting the Rule 91a motion and awarding attorney's fees.

### BACKGROUND

Robert Savana's first wife, Rose, died in 1992, and he married Dorothy in 1994. When Robert died in 2015, Dorothy was a legatee under his will. Marshall is the daughter of Robert and Rose, and she was named as independent executor in the will. Marshall applied to probate the deceased's will in County Court at Law No. 3 and Probate Court in Brazoria County. The

court admitted the will to probate and issued letters testamentary to Marshall.

Dorothy filed a plea in intervention and third-party petition, asserting causes of action against Marshall as the independent executor of the deceased's estate. The subject of the petition is the house where Dorothy and the deceased were living at the time of his death. In the petition, Dorothy alleges the deceased lived in this house before marrying her. After marrying, Dorothy and the deceased agreed that she would sell her house and invest the proceeds in the deceased's house, and the deceased would convey the house to her in his will. The record indicates that the house had been the community property of the deceased and Rose. Dorothy's petition (1) requests that her interest in the home be identified and partitioned from that of the deceased; (2) disputes that Marshall inherited a one-half interest in the house from Rose by intestate succession;[1] (3) alleges the deceased owned the entire house by adverse possession pursuant to section 16.026 of the Texas Civil Practice and Remedies Code; and alternatively (4) alleges the deceased committed fraud by making false representations and by failing to disclose that he did not own the entire house.

Marshall filed a Rule 91a motion to dismiss Dorothy's causes of action, arguing that they were not authorized by any section of the Texas Estates Code applicable to the independent administration of a will. Specifically, Marshall argued that Dorothy's fraud claims and request for partition are baseless because such claims are not properly brought in the independent administration of a deceased's estate. Marshall argued the claim of adverse possession is baseless because (1) the statute

requires a person must bring suit not later than 10 years after the cause of action accrues, and (2) a co-tenant cannot adversely possess against another co-tenant unless he clearly repudiated the title of his co-tenant. Dorothy untimely filed a response to the Rule 91a motion and a non-suit one day before the hearing.

At the hearing, the trial judge explained that he had previously told Dorothy's counsel that she needed to file her causes of action in an ancillary case and cause number, not in the base probate case. One reason for this procedure, according to the court, is that the petition contains new causes of action on which filing fees must be paid. Dorothy's counsel did not promptly follow the court's instructions. "So," the trial court ruled, "the motion to dismiss is granted. Those causes of action that are not related to the will are gone out of this probate case number. They are dismissed. Call them non-suited. Call them dismissed, whatever. Because of the untimely response, the attorney's fees are also granted, $3,300, as stated in the uncontroverted affidavit." On the day of the hearing, the trial court signed an order granting the Rule 91a motion and awarding attorney's fees to Marshall as the prevailing party. The written order does not specify the grounds on which the court granted the motion. The trial court also signed an order acknowledging Dorothy's nonsuit without prejudice. This appeal followed.

## ANALYSIS

### I. The Rule 91a dismissal is appealable.

■ Marshall challenges this Court's jurisdiction, arguing that the trial court's order granting the 91a motion is not a

---

1. The intestate succession rules applicable at the time of Rose's death provided that a deceased's one-half community property interest

passes to the deceased's children or child and the surviving spouse retains the other one-half community property interest.

final, appealable order. We conclude this Court has jurisdiction.

■■■■ As a general rule, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Probate proceedings are an exception to the "one final judgment" rule. *Id.* at 192; *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). A probate court makes decisions at various points in the administration of the estate on which later decisions will be based. *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied). Therefore, multiple judgments rendered on certain discrete issues can be final for purposes of appeal. *De Ayala*, 193 S.W.3d at 578. The Supreme Court of Texas adopted the following test to determine whether a probate order is interlocutory or final:

> If there is an express statute ... declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). If there is no express statute, a probate court order is final and appealable if it disposes of all parties or issues in a particular phase of the proceedings. *De Ayala*, 193 S.W.3d at 579; *Asafi v. Rauscher*, No. 14-09-00800-CV, 2009 WL 4346067, at *1 (Tex. App.—Houston [14th Dist.] Dec. 3, 2009, pet. denied) (mem. op.) (per curiam). The supreme court strongly encourages parties to seek severance orders because doing so avoids ambiguities re-

garding whether a probate matter is appealable. *Crowson*, 897 S.W.2d at 783.

Here, Dorothy did not seek a severance order, and there is no express statute declaring that the order granting the Rule 91a motion is final and appealable. Therefore, we must determine whether the dismissal disposed of all issues in this particular phase of the proceeding. *Id.*

The trial court's order dismissed Dorothy's plea in intervention and third-party petition "in its entirety in this cause." Dorothy's claims are logically separate from the independent administration of the will, which was not disposed of and to which Dorothy was not a party. We therefore conclude that the order granting the Rule 91a motion to dismiss is final and appealable, and we turn to the merits of Dorothy's appeal.

## II. The trial court erred in granting the Rule 91a motion.

Dorothy argues the probate court had jurisdiction over her claims, and although the claims should have been asserted in a proceeding ancillary to the core probate proceeding, that does not render the claims baseless in law or fact. Dorothy argues each cause of action was properly pleaded with sufficient notice.[2] Marshall responds that the trial court correctly granted the Rule 91a motion because (1) Dorothy failed to timely respond or file a nonsuit, and (2) Dorothy's claims were baseless in the context of the independent administration of the deceased's will. We address these arguments below.

### A. Standard of review and applicable law

Rule 91a provides that a party may move to dismiss a cause of action on the

---

**2.** On appeal, Dorothy no longer disputes that Marshall inherited a one-half interest in the house by intestate succession.

grounds that it has no basis in law or fact. Tex. R. Civ. P. 91a; *In re Sheshtawy*, 478 S.W.3d 82, 86 (Tex. App.—Houston [14th Dist.] 2015, no pet.). A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. Tex. R. Civ. P. 91a. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded. *Id.*

We review de novo whether a cause of action has any basis in law or fact. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 75 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)). We look solely to the pleading and any attachments to determine whether the dismissal standard is satisfied. *Id.* To determine whether the cause of action has a basis in law or fact, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleading. *Wooley*, 447 S.W.3d at 76. In doing so, we apply the fair-notice standard of pleading. *Id.*

The fair-notice standard is relatively liberal. *See* Tex. R. Civ. P. 45, 47; *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). The test for determining whether a petition provides fair notice is whether "the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). The purpose of this standard is to provide the opposing party with sufficient information to prepare a defense. *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982). Unless the trial court sustains special exceptions, the court must construe the pleading liberally in favor of the pleader. *Id.* at 809. A petition may provide fair notice even if an element of a cause of action is not specifically alleged. *Id.* at 810.

The grounds for dismissal under Rule 91a have been compared to a plea to the jurisdiction. *Wooley*, 447 S.W.3d at 75. A plea to the jurisdiction requires the trial court to determine whether the pleadings allege facts demonstrating jurisdiction. *Id.* Whether a petition has alleged facts affirmatively demonstrating the existence of subject-matter jurisdiction is a question of law reviewed de novo. *Sanchez*, 494 S.W.3d at 725.

A Rule 91a motion to dismiss must identify each cause of action being challenged and must state specific reasons why the challenged causes of action have no basis in law or fact. Tex. R. Civ. P. 91a.2. To avoid a ruling on the motion, the nonmovant has the option to nonsuit or amend the challenged causes of action at least three days before the hearing. *Id.* 91a.5(a). If the nonmovant does not timely nonsuit or amend, however, the trial court must rule on the motion. *Id.* 91a.5(c). If the nonmovant decides to respond to the motion, it must file a response no later than seven days before the hearing. *Id.* 91a.4. The rule requires the trial court to award costs and attorney's fees to the prevailing party on the motion. *Id.* 91a.7.

If an order granting a Rule 91a motion does not specify the grounds for dismissal, a party appealing the order must challenge every ground upon which the trial court could have granted the motion. *Parkhurst v. Office of Attorney Gen. of Tex.*, 481 S.W.3d 400, 402 (Tex. App.—Amarillo 2015, no pet.); *Shumway v. Whispering Hills of Comal Cty. Tex. Prop. Owners Ass'n, Inc.*, No. 03-15-00513-CV, 2016 WL 4429939, at *2 (Tex. App.—Austin Aug. 16, 2016, pet. denied) (mem. op.). A written order that does not specify grounds controls over any oral pronounce-

ment made by the court during the hearing. *Shumway*, 2016 WL 4429939, at \*2.

■ Marshall argues that the trial court was obligated to grant the motion because Dorothy did not timely nonsuit or file a response. This argument is contrary to the language of the rule. Unlike a no-evidence motion for summary judgment, which the trial court must grant as to the claims challenged in the motion when no response is filed, Rule 91a requires the trial court to *rule* on a motion to dismiss without considering an untimely nonsuit or amendment. *Compare* Tex. R. Civ. P. 166(i) *with* Tex. R. Civ. P. 91a.5(c). There is no requirement that the court grant the motion if the nonmovant does not timely respond. We therefore conclude the trial court was not obligated to grant Marshall's Rule 91a motion based on Dorothy's failure to file a timely response or nonsuit.

**B. The trial court had authority to hear Dorothy's claims.**

■ Marshall's Rule 91a motion challenged all of Dorothy's causes of action on the ground that they are not authorized by any sections of the Texas Estates Code applicable to independent administrations. In particular, Marshall argued that Dorothy's fraud claims and request for partition were baseless because such claims are not properly brought in the independent administration proceedings of an estate.

The county court at law in which Dorothy filed her petition has original jurisdiction of probate proceedings. *See* Tex. Est. Code Ann. § 32.002(b) (West 2014); Tex. Gov't Code Ann. §§ 25.0003(a), 25.0221 (West 2004). A court with original probate jurisdiction has jurisdiction over all probate proceedings, including "all matters related to the probate proceeding." Tex. Est. Code Ann. § 32.001(a).

■ Marshall argues on appeal that Dorothy's claims were baseless in the context of an independent administration. An independent administration frees the independent executor to administer the estate and distribute it with a minimum of cost and delay. *Sweeney v. Sweeney*, 668 S.W.2d 909, 910 (Tex. App.—Houston [14th Dist.] 1984, no writ). Marshall argues that section 402.001 of the Estates Code prevents Dorothy from bringing her claims by way of intervention into the independent administration.

Section 402.001 provides that once the "inventory, appraisement, and list of claims has been filed by the independent executor and approved by the court ... further action of any nature may not be had in the probate court except where this title specifically and explicitly so provides for some action in the court." Although this provision limits the probate court's supervision of the independent administration, it does not deprive the probate court of jurisdiction over matters relating to the estate. *See Johnson v. Smith*, 697 S.W.2d 625, 630 (Tex. App.—Houston [14th Dist.] 1985, no writ); *In re Aguilar*, No. 04-13-00038-CV, 2014 WL 667516, at \*5 (Tex. App.—San Antonio Feb. 19, 2014, pet. denied) (mem. op.). Therefore, the county court at law had jurisdiction over Dorothy's claims as a matter relating to the estate.

■ Rule 91a is not a docket management tool or a procedural mechanism for enforcing local practices regarding docketing of cases. In particular, the rule cannot be used to punish parties who fail to ask the clerk for an ancillary docket number by requiring them to pay the opposing party's attorney's fees. Instead, Rule 91a may be used only to dispose of causes of action that are baseless in law or fact. Rule 41 gives a trial court ample discretion to address improper joinder or docketing difficulties by ordering a severance. *See* Tex.

R. Civ. P. 41; *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990).

In this case, the county court at law was not deprived of authority to hear Dorothy's claims related to the probate proceeding merely because Dorothy intervened in the independent administration instead of filing her petition in a new ancillary proceeding with a separate docket number. We hold that the trial court erred to the extent it dismissed her petition as baseless on these grounds.

**C. Dorothy's claim of adverse possession is not baseless for the reasons stated.**

██ Although the court stated at the hearing that it was dismissing Dorothy's causes of action because the claims were misfiled, the written order does not specify the grounds on which it dismissed the claims. Because the written order controls, Dorothy was required to challenge every ground upon which the trial court could have granted the motion. *See Shumway*, 2016 WL 4429939, at *2.

In Marshall's Rule 91a motion, she argued the claim of adverse possession was baseless in law and fact because (1) section 16.026 of the Texas Civil Practice and Remedies Code requires a person to bring suit not later than 10 years after the day the cause of action accrues; and (2) a co-tenant cannot adversely possess against another co-tenant unless he clearly repudiated the title of his co-tenant. On appeal, Dorothy responds that it was error to dismiss on this ground because (1) there is no dispute the deceased held the property more than ten years; and (2) whether the deceased clearly repudiated the title of Marshall (and thereby held adversely to her for those ten years) is a higher burden of proof for a co-tenant's adverse possession claim, not a reason that would render the claim baseless in law or fact.

Dorothy's first amended plea in intervention and third-party petition included the following allegations regarding adverse possession:

> [The deceased] owns 100% interest in the real property pursuant to Section 16.026 Adverse Possession 10-year Limitation. V.T.C.A., Civil Practice and Remedies Code. In the 10 years preceding the death of [the deceased], at no time did [Marshall], Individually, reside on or possess the real property.

The record does not show that Marshall filed special exceptions to the petition.

Liberally construing Dorothy's allegations of adverse possession, looking to Dorothy's intent, and accepting as true the factual allegations in the pleading, we conclude it was error to dismiss the claim under Rule 91a. Taking the allegation as true, the adverse possession cause of action would entitle Dorothy to the relief sought. *See* Tex. R. Civ. P. 91a.1; *Wooley*, 447 S.W.3d at 76.

The petition met the pleading standard of fair notice, providing Marshall with sufficient information to form a defense to the adverse possession claim. *See Wooley*, 447 S.W.3d at 76 (citing *Roark*, 633 S.W.2d at 810). The pleading is sufficient even though it does not specifically allege how the deceased clearly repudiated Marshall's title as a co-tenant and even though it does not specify dates. *See Roark*, 633 S.W.2d at 810 (petition that alleged negligent delivery of a child gave fair notice to defendant to defend a claim involving the manner in which he delivered the child); *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 357–59 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (plaintiff need not specify dates in petition to meet fair-notice standard). We therefore hold that Dorothy's cause of action for adverse possession was

not baseless in law or fact for the reasons stated in Marshall's motion to dismiss.

### CONCLUSION

We reverse the trial court's order dismissing Dorothy's plea in intervention and third-party petition as baseless and awarding attorney's fees to Marshall under Rule 91a, and we render judgment that Marshall take nothing on her request for attorney's fees. Because Dorothy also nonsuited her claims without prejudice, we do not remand the case.