**Opinion filed June 24, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00247-CV

_____

## RICHARD TOBIAS, Appellant

## V.

## SLP BROWNWOOD LLC D/B/A CROSS COUNTRY HEALTHCARE CENTER, THE OWNERS OF SLP MANAGEMENT, INC., AND DR. N. NIGALYE, Appellees

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV1903123**

## M E M O R A N D U M   O P I N I O N

Appearing pro se both at trial and on appeal, Richard Tobias challenges the trial court's dismissal of his original petition under Rule 91a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 91a.1. Appellant brings three issues challenging the dismissal. Because we agree with the trial court that Appellant failed

to plead a cause of action that has a basis in law or fact, we affirm the dismissal. *See id.*

On March 20, 2019, Appellant filed suit against Appellees, SLP Brownwood LLC d/b/a Cross Country Healthcare Center, the Owners of SLP Management, Inc., and Dr. N. Nigalye. He alleged that, in March 2017, Appellees engaged in a course of conduct that caused his "abduction and trip without notice" by instituting legal proceedings to have him committed to another facility in Midland. He alleged that Appellees erroneously accused him of a physical altercation with another resident of the healthcare facility, that Appellees caused a municipal judge to issue a court order for Appellant's removal, and that "[t]hey ordered me to get into a sheriff's car with the deputy. I had no notice or opportunity to pack and I was denied the opportunity to go back to my room and pack a few things."

Appellant alleged the following causes of action: lack of compliance with Chapter 574 of the Texas Health and Safety Code, violations of Title 8 of the Texas Property Code pertaining to landlord/tenant law, Title 4 of the Texas Health and Safety Code pertaining to Health Facilities, the Americans with Disabilities Act, 42 U.S.C. § 1983, and "[d]ue process and equal protection of the law in Texas and U.S. Constitutions."

On April 11, 2019, Appellees filed a motion to dismiss Appellant's causes of action under Rule 91a. They asserted that Appellant's claims did not have a basis in law or fact. The trial court heard the motion to dismiss on May 23, 2019, and it entered a written order on that date granting the motion.

In his first issue, Appellant contends that the trial court erred by denying his motion for continuance. Appellant filed an unverified motion for continuance three days prior to the hearing, asserting that he did not have transportation to attend the hearing. The trial court overruled the motion for continuance at the outset of the hearing. In doing so, the trial court noted that Appellant was notified of the

2

availability to utilize a service to participate by telephone but that Appellant did not do so. Appellant asserts on appeal that the denial of the motion for continuance denied his "right to plead the case and clarify the issues."

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). We do not substitute our judgment for the trial court's judgment. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding). Instead, we must determine whether the trial court's discretion was so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). The test is whether the trial court acted without reference to guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

Rule 251 of the Texas Rules of Civil Procedure governs motions for continuance. This rule provides that a motion for continuance shall not be granted without "sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. "Accordingly, motions for continuance generally must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit." *In re Marriage of Harrison*, 557 S.W.3d 99, 117 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). When a motion for continuance does not comply with the rules because it is unwritten or unsupported by verified facts, appellate courts generally presume that the trial court did not abuse its discretion in denying the motion. *Id.*

The trial court did not abuse its discretion by denying Appellant's motion for continuance. The motion did not comply with the applicable rule for a motion for continuance. *See id.* Additionally, the trial court provided Appellant with an alternative method for participating in the hearing. Furthermore, a Rule 91a motion to dismiss is based on a review of the plaintiff's pleadings without a consideration

3

of evidence. TEX. R. CIV. P. 91a.6. The rule further permits the plaintiff to amend his pleadings prior to the hearing. *Id.* R. 91.a.5(b). Accordingly, we disagree with Appellant's contention that the denial of his motion for continuance precluded him from repleading his claims. We overrule Appellant's first issue.

In his second issue, Appellant asserts that the trial court erred by granting Appellees' Rule 91a motion to dismiss. Under Rule 91a, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." *Id.* R. 91a.1. As specified in the rule: "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.*

We review the trial court's rulings on a Rule 91a motion to dismiss de novo. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam). "We look solely to the pleading and any attachments to determine whether the dismissal standard is satisfied." *Estate of Savana*, 529 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *accord Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). To determine if the cause of action has a basis in law or fact, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Wooley*, 447 S.W.3d at 76.

The thrust of Appellant's claims is that Appellees wrongfully instituted involuntary mental commitment proceedings against him. Appellant cites Chapter 574 of the Texas Health and Safety Code in his petition. *See* TEX. HEALTH & SAFETY CODE ANN. ch. 574 (West 2017 & Supp. 2020). Chapter 574 of the Texas Health and Safety Code governs court-ordered mental health services. However, Appellant does not cite, and we have not found, a provision in Chapter 574 that creates a private cause of action against a person that files an application for

4

another person to receive court-ordered mental health services. In this regard, a statute creates a private cause of action "only when a legislative intent to do so appears in the statute as written." *Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004).

Many of Appellant's complaints are directed at the judge that entered the order for Appellant's involuntary commitment. However, the judge is not a party to this action. Furthermore, a judge acting in his or her official judicial capacity enjoys absolute immunity from liability for judicial acts performed within the scope of his or her jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (judge not deprived of immunity because action taken was in error, was done maliciously, or was in excess of authority; immunity fails only when judge acts in clear absence of jurisdiction); *Turner v. Pruitt*, 342 S.W.2d 422, 423 (Tex. 1961). "Judges enjoy absolute judicial immunity from liability for judicial acts, no matter how erroneous the act or how evil the motive[.]" *Alpert v. Gerstner*, 232 S.W.3d 117, 127 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (quoting *City of Houston v. W. Capital Fin. Servs. Corp.*, 961 S.W.2d 687, 689 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd w.o.j.)). Accordingly, Appellant has not pleaded a cause of action that has a basis in law or fact under Chapter 574 of the Health and Safety Code.

Appellant also lists other statutory provisions under which he brought suit against Appellees. 42 U.S.C. § 1983 provides a remedy for deprivation of rights secured by the Constitution and the laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). To prevail on a Section 1983 claim, the plaintiff must prove that he was deprived of a right secured by the Constitution or the laws of the United States by a person acting under color of law. *Paz v. Weir*, 137 F. Supp. 2d 782, 796 (S.D. Tex. 2001). A Section 1983 claim is not viable when the alleged infringement did not

stem from conduct fairly attributable to the State because "'[m]ere[] private conduct, no matter how discriminatory or wrongful,' is excluded from § 1983's reach." *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (alterations in original) (quoting *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 352 (5th Cir. 2003)).

In *Blum v. Yaretsky*, the United States Supreme Court held that decisions made by nursing home personnel concerning the involuntary discharge of patients do not constitute state action even though the facility is heavily regulated by state and federal law. 457 U.S. 991, 1004–12 (1982); *see T.L. v. Cook Children's Med. Ctr.*, 607 S.W.3d 9, 38 (Tex. App.—Fort Worth 2020, pet. denied), *cert. denied*, 141 S. Ct. 1069 (2021). Accordingly, Appellant has not stated a viable Section 1983 claim against Appellees because there is no state action. The same analysis is applicable to Appellant's claims for violations of the Constitutions of the United States and Texas—claims for constitutional violations require state action in order to be actionable. *See Johnson v. State Farm Mut. Auto. Ins. Co.*, 520 S.W.3d 92, 101 (Tex. App.—Austin 2017, pet. denied) (citing *Davis v. Fisk Elec. Co.*, 268 S.W.3d 508, 530 (Tex. 2008); *Republican Party of Tex. v. Dietz*, 940 S.W.2d 86, 91, 93 (Tex. 1997); *Yazdchi v. Tradestar Invs., Inc.*, 217 S.W.3d 517, 520 n.9 (Tex. App.—Houston [14th Dist.] 2006, no pet.)).

In his petition, Appellant generally alleged the "Americans with Disabilities Act" without citing any specific provision in the Act upon which he relied. *See* 42 U.S.C. §§ 12101–12213. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied) (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[1]  The same analysis applies to other claims asserted by Appellant because he simply listed "Property Code Title 8 Landlord Tannate [sic]"[2] and "Health and Safety Code Title 4 Health Facilities"[3] without citing any specific provisions in these acts upon which he based his causes of action.  The facts alleged by Appellant would not support claims under these statutory provisions.  Accordingly, Appellant has not pleaded causes of action that have a basis in law or fact under the Americans with Disabilities Act, Title 8 of the Texas Property Code, or Title 4 of the Health and Safety Code.

On appeal, Appellant also asserts that he had claims under the "Affordable Care Act,"[4] the "U.S. Patient Bill of Rights," the "Texas Patient Bill of Rights," and Sections 576.001, 576.021, and 576.026 of the Texas Health and Safety Code.[5]  However, Appellant did not plead these causes of action in his petition.  As noted above, "[w]e look solely to the pleading and any attachments to determine whether the dismissal standard is satisfied."  *Estate of Savana*, 529 S.W.3d at 592.  Accordingly, the trial court did not err by granting Appellees' Rule 91a motion to dismiss.  We overrule Appellant's second issue.

In his third issue, Appellant asserts noncompliance with Section 1151.351 of the Estates Code.  *See* TEX. EST. CODE ANN. § 1151.351 (West 2020).  This section contains a "bill of rights" for wards in guardianship proceedings.  However, Appellant did not plead a cause of action under this statute or otherwise present this complaint to the trial court.  "Our rules regarding preservation are clear that, with

---

[1]In *Toups*, the Beaumont Court of Appeals addressed the pleading requirements for a petition to comply with the requirements of Rule 91a.  429 S.W.3d at 754.  The Beaumont court cited *Ashcroft* for its discussion of the federal counterpart to Rule 91a.  *Id.*

[2]*See* TEX. PROP. CODE ANN. §§ 91.001–94.303 (West 2014 & Supp. 2020).

[3]*See* HEALTH & SAFETY §§ 221.001–326.004 (West 2017 & Supp. 2020).

[4]*See* Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010).

[5]*See* HEALTH & SAFETY §§ 576.001, 576.021, 576.026 (West 2017).

limited exceptions, a party cannot obtain reversal of a trial court's judgment on appeal based on an error that was never raised in the trial court." *In re G.X.H.*, No. 19-0959, 2021 WL 1704234, at *3 (Tex. Apr. 30, 2021); *see* TEX. R. APP. P. 33.1(a). Thus, Appellant did not preserve this complaint for appellate review. We overrule Appellant's third issue.

*This Court's Ruling*

We affirm the trial court's order.


JOHN M. BAILEY

CHIEF JUSTICE


June 24, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.