**Affirmed and Memorandum Opinion filed March 26, 2024.**



In The

## Fourteenth Court of Appeals

NO. 14-23-00219-CV

**SHARON YASIN, Appellant**

**V.**

**METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, TEXAS; ARTURO JACKSON; MICHAEL ANDRADE; JEREMY SCHOECH; MICHAEL HONER; AND RHONDA RUSSELL, Appellees**

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1198763**

## MEMORANDUM OPINION

Sharon Yasin filed a self-represented petition against five individuals and the Metropolitan Transit Authority of Harris County, Texas (METRO). Three of the individuals—Arturo Jackson, Michael Andrade, and Jeremy Schoech—are employees of METRO. We refer to METRO and these individuals collectively as the METRO Defendants. The two remaining individuals—Michael Honer and

Rhonda Russell—are employees of First Transit, Inc., which staffs METRO with bus drivers. We refer to these individuals collectively as the First Transit Defendants.

Yasin asserted a single claim in her petition, which we recite here verbatim: "This suit is filed against DEFENDANTS for violation of Plaintiff's ADA Violations and Failure to Train Employed Properly under 42 U S.C. Sec 18 1983 Act."

The factual allegations in support of this claim were nonspecific, but they all focused on METROLift, which is METRO's paratransit service for qualifying persons with disabilities. Yasin alleged that she experienced a "pattern of incidents/injuries" when she was a passenger on METROLift. Yasin identified the dates of these occurrences—eighteen in total over a span of more than three years—but she never alleged what happened on any of those occurrences. She merely alleged that she suffered various forms of emotional distress and "loss of business," for which she sought $250,000 in damages.

The METRO Defendants filed a motion to dismiss under Rule 91a of the Texas Rules of Civil Procedure. They advanced two main arguments. First, they argued that Yasin's suit was vague and threadbare, in that she did not allege any facts that would demonstrate a viable, legally cognizable right to relief. Second, they argued that the three individuals who were all employees of METRO should be dismissed from the suit because METRO is a governmental unit, and by suing a governmental unit, Yasin had made an irrevocable election to seek relief from that governmental unit and not any of its employees. *See* Tex. Civ. Prac. & Rem. Code § 101.106.

The First Transit Defendants filed a separate motion to dismiss under Rule 91a. They similarly argued that Yasin's allegations were threadbare. They recited

the allegations against them, which consisted of just two sentences. We recite them here verbatim:

> 16). Mike Honer ignored all incidents/injuries that kept occuring to Plaintiff and swept it under the rug as if it never happened and turned a blind eye to what was happening to Plaintiff by the contractor Supervisors on METRO's Metrolift Bus.
>
> 17). Rhonda Russell is responsible for safety and training and failed to properly trained it's driver's and did not keep me safe.

The First Transit Defendants argued that the allegation against Honer most nearly sounded in negligent supervision and that the allegation against Russell most nearly sounded in negligent training. The First Transit Defendants then argued that these theories of negligence are based on the direct negligence of an employer. Because the First Transit Defendants were just employees, they argued that they could not be liable, and that the proper defendant was their employer, First Transit.

The First Transit Defendants alternatively argued that Yasin had not demonstrated a viable claim for relief. They pointed out that, as to Honer, Yasin never made any allegations regarding the supervision policies at First Transit, or what supervision should have been provided. Similarly, there were no allegations about the "incidents" that Honer allegedly "swept under the rug." As to Russell, the First Transit Defendants also pointed out that Yasin never made any allegations about training policies, or what training Russell should have provided but did not. Finally, the First Transit Defendants pointed out that Yasin had not alleged any bodily injury, which is necessary for a claim of either negligent supervision or negligent training.

Yasin filed a response styled as an "Objection to Dismissal of Case," in which she demanded a "cease and desist" until two other motions were considered. The first of these motions was a challenge to the constitutionality of Rule 91a. The second

3

motion was styled as a "Motion Challenging Courts Jurisdiction and Challenging Defendant's Oath of Office." In this latter motion, Yasin asserted that the state trial court could take no action until the court established its "Article III jurisdiction." Yasin also asserted in this motion that the METRO Defendant's counsel had not established his credentials as an "attorney of constitutional authority."

The trial court conducted a hearing on the Rule 91a motions. Yasin appeared in court early for the hearing, but she left before the hearing began. The trial court recited on the record that Yasin "left of her own free will" and that she had been warned that the hearing would proceed even if she were absent. The trial court further noted that it "had gone out of its way . . . to make the courtroom available and accessible to Ms. Yasin." The court explained that "we have a hearing machine that's been provided for her as well as a big screen TV that was provided in the courtroom for her sight issues."

At the conclusion of the hearing, the trial court granted both motions under Rule 91a and signed an order finally dismissing Yasin's suit.

Yasin then brought this appeal, where she is also self-represented. Her brief begins with a lengthy discussion of Article III jurisdiction, which has no bearing here, as Yasin filed this suit in state court, not federal court. She eventually presents three issues, which we recite her verbatim:

> Q1. Do I have the right to have my case heard in a Article III court before a Article III Judge
>
> Q2. Do I have a right to have my ADA Discrimination case with Civil Rights Violations heard in a Proper court
>
> Q3. Do I have the right to have my case case transfered to its proper court with the jurisdiction that hear a $20,000,000.00 claim

Yasin does not follow these issues with any arguments or authorities, even though that was her burden. *See* Tex. R. App. P. 38.1(i); *Rogers v. City of Houston*,

4

627 S.W.3d 777, 786 n.1 (Tex. App.—Houston [14th Dist.] 2021, no pet.) ("Pro se litigants and appellants are held to the same standards as licensed attorneys and must comply with applicable laws and procedures."). Even if she had presented arguments and authorities, none of these issues challenges the grounds presented in the Rule 91a motions, which was also her burden. *See Estate of Savana*, 529 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("If an order granting a Rule 91a motion does not specify the grounds for dismissal, a party appealing the order must challenge every ground upon which the trial court could have granted the motion."). Because Yasin did not challenge any such ground, we must presume that the unchallenged grounds support the trial court's adverse ruling. *See Vo v. Iyer*, No. 14-18-01051-CV, 2020 WL 3698032, at *2 (Tex. App.—Houston [14th Dist.] July 7, 2020, no pet.) (mem. op.).

Unrelated to her stated issues, Yasin closes her brief with the following complaint: "I was not afforded a auxiliary aids to assist me with hearing, nor computer-aided transcription service (CART) nor afforded requested documents be in large printed to assist with the ability to see to read." Yasin provides no record citations or context for this complaint. To the extent she complains about a lack of accommodations at the hearing on the Rule 91a motions, the record refutes her position.

For the foregoing reasons, we affirm the trial court's judgment.


/s/    Tracy Christopher
       Chief Justice


Panel consists of Chief Justice Christopher and Justices Wise and Jewell.

5