**Affirmed and Memorandum Opinion filed March 26, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00210-CV

---

### SHARON YASIN, Appellant

### V.

### JOE BELALCAZAR, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1195115**

---

### MEMORANDUM OPINION

Sharon Yasin filed a self-represented petition against Joe Belalcazar, a deputy clerk for the Harris County Civil Courts at Law. Yasin alleged that she went to the county clerk's office to obtain certain documents, which happened to be voluminous. Yasin, who is quadriplegic, requested help in transferring the documents to a personal bag, but Belalcazar allegedly declined her request after explaining to her that she had already sued several employees of the county clerk's office and he desired to limit his interaction with her. So rather than place the documents in

Yasin's bag, Belalcazar allegedly made the documents available to Yasin on a counter instead. Yasin then alleged that she had to use her face and chin to retrieve the documents, which she claimed was painful and embarrassing.

Yasin asserted four "claims" against Belalcazar in both his "private and professional capacity." She labeled these claims simply as discrimination, mental emotional damage, physical pain and suffering, and retaliation.

Belalcazar filed a combined answer and motion to dismiss, in which he argued that he could not be sued in his individual capacity because the suit was based on conduct within the general scope of his employment. He also argued that the suit should be dismissed unless Yasin amended her pleadings and named his employer as the defendant instead. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f) ("If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.").

Yasin then filed a series of amended petitions, in which she added new defendants—including two judges, a trial coordinator, and county attorney—but she always retained Belalcazar as a defendant and never sought relief against his governmental employer.

Two months after Belalcazar filed his motion to dismiss, Yasin moved to "withdraw" her suit without prejudice. Belalcazar construed this motion as a motion for nonsuit, but he requested the trial court to dismiss the suit with prejudice instead and make a finding that the suit was frivolous and groundless. In support of his

2

motion, Belalcazar showed that Yasin had filed another lawsuit against him, based on the same facts as the current suit, and on the very same day that she moved for the nonsuit. He also showed that Yasin had filed multiple suits against other county employees and judges, in which similar motions to dismiss were currently pending. Belalcazar argued that Yasin was abusing her pauper status to file new suits free of charge in a campaign of harassment.

Yasin did not file a response, and the trial court granted Belalcazar's motion to dismiss the suit with prejudice.

Yasin now brings this appeal, in which she is also self-represented. She asserts ten issues, which we recite here verbatim:

Q1. Do I have the right to have my case heard in a Article III court before a Article III Judge

Q2. Do I have a right to have my ADA Discrimination case with Civil Rights Violations heard in a Proper court

Q3. Do I have the right to have my case case transfered to another court with the jurisdiction $250.000.00 claim

Q4. Do I have the right to a requested trial by a jury of my peers

Q5. Do I have a right to utilize Harris County Court Case Portal System

Q6. Do I have the right to equally be given access to court proceedings and given the same opportunity to file my case in the Harris County Case Portal as others do without a disability

Q7. Do I have the right to file motions, request hearings, challenge the jurisdiction of a court.

Q8. Do I have the right to challenge the judges constitution Oath of Office

Q9. Do I have the right to challenge Attorneys Oath of Office

Q10. Do I have a right to have access to my docket case file and have a way to receive it under ADA Accommodation needs.

There are at least three procedural problems with this list of issues. First, none of these issues was preserved with a timely motion or objection, followed by an adverse ruling. *See* Tex. R. App. P. 33.1. Second, none of these issues is supported by any argument or authority, which Yasin had the burden to provide. *See* Tex. R. App. P. 38.1(i); *Rogers v. City of Houston*, 627 S.W.3d 777, 786 n.1 (Tex. App.—Houston [14th Dist.] 2021, no pet.) ("Pro se litigants and appellants are held to the same standards as licensed attorneys and must comply with applicable laws and procedures."). And third, even if she had presented arguments and authorities, none of these issues challenges the grounds presented in Belalcazar's motion to dismiss, which was also her burden. *Cf. Estate of Savana*, 529 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("If an order granting a Rule 91a motion does not specify the grounds for dismissal, a party appealing the order must challenge every ground upon which the trial court could have granted the motion."). Because Yasin did not challenge any such ground, we must presume that the unchallenged grounds support the trial court's adverse ruling. *See Vo v. Iyer*, No. 14-18-01051-CV, 2020 WL 3698032, at *2 (Tex. App.—Houston [14th Dist.] July 7, 2020, no pet.) (mem. op.).

For the foregoing reasons, we conclude that Yasin has presented nothing for us to review, and we affirm the trial court's judgment.


/s/  Tracy Christopher
   Chief Justice


Panel consists of Chief Justice Christopher and Justices Wise and Jewell.