

# NUMBER 13-23-00552-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**DAVID MARTINEZ,**                                       **Appellant,**

**v.**

**LONE STAR CUSTARD
HOLDING, LLC,**                                     **Appellee.**

---

## ON APPEAL FROM THE 57TH DISTRICT COURT
## OF BEXAR COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Justices Longoria, Tijerina, and Peña
Memorandum Opinion by Justice Tijerina**

Appellant David Martinez appeals the trial court's dismissal of his claim against appellee Lone Star Custard Holding, LLC (Lone Star). By two issues, Martinez contends that the trial court improperly dismissed his claim pursuant to Rule 91a, and the trial court

erred in awarding Lone Star attorney's fees. *See* TEX. R. CIV. P. 91a. We affirm.[1]

## I.    BACKGROUND

On May 5, 2023, Martinez sued Freddy's Frozen Custard & SteakBurgers (Freddy's) and K2D, Inc. for an incident that occurred on May 6, 2021, when he injured a tooth. Martinez asserted claims of negligence, negligence per se, gross negligence, and products liability. On June 9, 2023, Martinez amended his original complaint and joined Lone Star as a defendant.[2] On September 15, 2023, Lone Star filed its answer and a motion to dismiss pursuant to Rule 91a arguing, in pertinent part, that Martinez's claims are barred by the two-year statute of limitations. *See id.*

The trial court set a hearing on Lone Star's Rule 91a motion for October 13, 2023. On October 11, 2023, Martinez filed his response and a second amended petition. Martinez amended his response on October 12, 2023. *See id.* R. 91a.4. At the October 13 hearing, the trial court did not consider Martinez's amended petition, response, or amended response. The trial court granted Lone Star's motion to dismiss and awarded Lone Star attorney's fees of $15,000, with an additional $4,000 for an appeal.

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

Rule 91a is a procedural vehicle for early dismissal of baseless causes of action. *Sagredo v. Ball*, 689 S.W.3d 407, 413 (Tex. App.—Corpus Christi–Edinburg 2024, no pet.) (citing TEX. R. CIV. P. 91a.1). A trial court properly dismisses a cause of action

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] The trial court severed this cause from Martinez's cause of action against Freddy's and K2D.

2

pursuant to Rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought" or "no reasonable person could believe the facts pleaded." *Id.* at 413–14.

Rule 91a "permits motions to dismiss based on affirmative defenses." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020). "In ruling on a Rule 91a motion to dismiss, the trial court may not consider evidence and must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits." *Triple P.G. Sand Dev., LLC v. Del Pino*, 649 S.W.3d 682, 694 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (internal quotations omitted); *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (citing TEX. R. CIV. P. 91a.6). The trial court may also "consider the defendant['s] pleadings if doing so is necessary to make the legal determination of whether an affirmative defense is properly before the court." *Bethel*, 595 S.W.3d at 656.

We perform a de novo review to determine whether the defendant is entitled to a dismissal under the facts alleged. *Triple P.G. Sand Dev., LLC*, 649 S.W.3d at 693; *In re Farmers*, 621 S.W.3d at 266. We must construe the pleadings in favor of the plaintiff, examine the intent of the pleader, and accept as true the factual allegations made by the plaintiff. *Vasquez v. Legend Nat. Gas III, LP*, 492 S.W.3d 448, 450 (Tex. App.—San Antonio 2016, pet. denied).

Negligence, gross negligence, negligence per se, and products liability claims are subject to a two-year statute of limitations period. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. "A statute of limitations does not begin to run until the cause of action accrues."

3

*Houston Endowment Inc. v. Atl. Richfield Co.*, 972 S.W.2d 156, 159 (Tex. App.—Houston [14th Dist.] 1998, no pet.) "Generally, a cause of action accrues when a wrongful act causes a legal injury." *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011).

## III.    DISCUSSION

By his first issue and relying on his second amended petition, Martinez argues that the trial court improperly granted the motion to dismiss because the statute of limitations was tolled. Lone Star responds that in his live pleading, Martinez did not argue tolling, and his response and amended petition were untimely.

Rule 91a.4 requires that a response to a motion to dismiss be filed "no later than 7 days before the date of the hearing." TEX. R. CIV. P. 91a.4. Additionally, the respondent must file an amended petition at least three days prior to the Rule 91a hearing. TEX. R. CIV. P. 91a.5(b); *see also Seger v. Branda*, No. 01-21-00224-CV, 2022 WL 17981559, at *4 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, pet. denied) (mem. op.). Under Rule 91a.5(c), the trial court may not consider an amendment not filed after that time. TEX. R. CIV. P. 91a.5(c); *see also Seger*, 2022 WL 17981559, at *4.

Martinez filed his amended petition and response on October 11, 2023, which was two days prior to the October 13 hearing, and he filed his amended response on October 12, 2023, which was one day prior to the October 13 hearing. *See* TEX. R. CIV. P. 91a.5. At the October 13 hearing, Martinez's trial counsel acknowledged that the amended petition, response, and amended response were untimely and agreed with Lone Star that the trial court could not consider the amended petition pursuant to Rule 91a(c). *See id.* R. 91a(c). Martinez nonetheless argued that the trial court had discretion to consider his

4

untimely amended response.

On appeal, Martinez does not challenge the trial court's refusal to consider his untimely amended pleadings.[3] Furthermore, we may not consider Martinez's untimely amended petition as it was not filed at least three days prior to the 91a hearing, which Martinez properly acknowledged in the trial court. *See id.* R. 91a.5; *Est. of Savana*, 529 S.W.3d 587, 593 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("Rule 91a requires the trial court to *rule* on a motion to dismiss without considering an untimely . . . amendment."); *see also MedFin Manager, LLC v. Stone*, 613 S.W.3d 624, 629 (Tex. App.—San Antonio 2020, no pet.) (stating that "Rule 91a.5(c) expressly prohibits the trial court from considering an amendment not filed as required"); *Seger*, 2022 WL 17981559, at *4 ("Because Dr. Seger did not file his third amended petition 'at least 3 days before the date of the hearing' as permitted by Rule 91a.5, the trial court could not consider it in ruling on the motion."); *Nolden v. Crescent Health & Rehab. Ctr.*, No. 01-21-00132-CV, 2022 WL 3970064, at *5 (Tex. App.—Houston [1st Dist.] Sept. 1, 2022, no pet.) (mem. op.) (explaining that the trial court was prohibited from considering the plaintiff's untimely amended petition in ruling on Rule 91a motion to dismiss). We must therefore only consider Martinez's first amended petition to determine whether the allegations, taken as true, together with inferences reasonably drawn from them, support

---

[3] We further note that the trial court did not have discretion to consider anything in Martinez's amended response that he did not present in his live pleading. *See* TEX. R. CIV. P. 91a (requiring that the trial court only "decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted" and instructing that the trial court is prohibited from considering evidence when ruling on the motion); *Dailey v. Thorpe*, 445 S.W.3d 785, 788 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (refusing to consider new causes of action and new factual allegations raised by the plaintiffs in their response to the 91a motion to dismiss and on appeal as such matters were "irrelevant" because the trial court must decide the motion merely on the pleading of the cause of action).

5

the trial court's conclusion that his claims were barred by the applicable statute of limitations when granting the Rule 91a motion to dismiss. *See* TEX R. CIV. P. 91a.1, 91a.6; *Bethel*, 595 S.W.3d at 654; *see also Seger*, 2022 WL 17981559, at *4.

As set out by Martinez's petition, his causes of action accrued on May 6, 2021, when he suffered a fractured tooth after biting into a burger made at a Freddy's chain restaurant. *See Bethel*, 595 S.W.3d at 656; *Etan Indus., Inc.*, 359 S.W.3d at 623 (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003)). Martinez filed suit against Lone Star thirty-four days after the two-year statute of limitations expired. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. Thus, Martinez's first amended pleading establishes on its face that his complaint has no basis in law and is time barred by the two-year statute of limitations. *See* TEX. R. CIV. P. 91a; *Bethel*, 595 S.W.3d at 656; *see also Seger*, 2022 WL 17981559, at *6, 10.

Next, relying on his untimely second amended petition, Martinez argues that the discovery rule tolls the statute of limitations. However, Martinez did not mention the discovery rule in his first amended petition. *Krohn v. Marcus Cable Assocs., L.P.*, 201 S.W.3d 876, 880 (Tex. App.—Waco 2006, pet. denied) ("If the plaintiff fails to plead the discovery rule in a petition, then it is waived as other matters of avoidance." (citing *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988))); *see also* TEX. R. CIV. P. 94 ("A party seeking to avail itself of the discovery rule must therefore plead the rule, either in its original petition or in an amended or supplemented petition in response to defendant's assertion of the defense as a matter in avoidance" because "a defendant who has established that the suit is barred cannot be expected to anticipate the plaintiff's

6

defenses to that bar."). And, as previously stated above, and as conceded by Martinez in the trial court, the trial court was prohibited from considering Martinez's untimely second amended petition when it ruled on Lone Star's motion to dismiss. *See* TEX. R. CIV. P. 91a.5(c); *Est. of Savana*, 529 S.W.3d at 593; *see also Seger*, 2022 WL 17981559, at \*4; *Nolden*, 2022 WL 3970064, at \*5; *In re Guardianship of Peterson*, Nos. 01-15-00567-CV & 01-15-00586-CV, 2016 WL 4487511, at \*6 (Tex. App.—Houston [1st Dist.] Aug. 25, 2016, no pet.) (mem. op.) Accordingly, we cannot conclude that the trial court erred in granting Lone Star's amended Rule 91a motion to dismiss based on its affirmative defense raising the statute of limitations.[4] We overrule Martinez's first issue.[5]

## IV. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
10th day of October, 2024.

---

[4] As to his second issue, Martinez challenges the award of attorney's fees only to the extent that he prevails on appeal. Accordingly, we overrule this issue.

[5] By what we construe as a sub-issue to its first issue, Martinez argues that the trial court improperly granted Lone Star's motion to dismiss based on Lone Star's "arguments (and evidence) regarding its formation date," which "are misplaced" as those arguments "must be raised at the summary judgment stage, after discovery." We need not address this sub-issue as it is not dispositive of the appeal. *See* TEX. R. APP. P. 47.1.